## *Ex parte* MARY S. MONTEITH.

Bill to foreclose a mortgage of land given to secure the payment of a bond which was usurious. No defence was made, and, the bill being taken as confessed, a decree of foreclosure, in the usual form, based on a report of the Commissioner, setting forth the amount due on the bond, according to its terms, was made: *Held*, That a bill of review would not lie to correct the supposed error in the decree.

A party cannot avail himself of the defence of usury under the Act of 1830, unless he brings the matter, by pleading, to the view of the Court.

Where one loses his suit by his own neglect, he cannot be aided by a bill of review.

BEFORE LESESNE, CH., AT RICHLAND, JUNE, 1868.

This was a petition for leave to file a bill of review, or bill in the nature of a bill of review. In addition to the facts of the case, as stated in the decree of the Circuit Court, it is only necessary to add that the petition set forth that the petitioner, when the bill was filed against her, consulted counsel learned in the law, who advised her that she could make no valid defence to the suit, and that, in consequence of this advice, given in mistake of law, and upon which she confidently relied, she did not appear, and allowed the bill to be taken *pro confesso* against her.

The decree of His Honor the Chancellor is as follows:

LESESNE, Ch. This is a petition for leave to file a bill of review, or bill in the nature of a bill of review, in a cause of the Columbia Building and Loan Association *vs.* The Executrix of Galloway Mon-

teith. And the ground of the application is alleged error in law in the decree in said cause.

It is not certain that in this State a bill of review will lie on such a ground. The point arose in the case of *Manigault* vs. *Deas*, (Bail. Eq., 296,) in 1831, and the Court used this strong language: " The fifth question requires neither argument nor illustration. In the case of *Perkins* vs. *Long*, reported in a note, 1 McC. Ch., 30, it was decided that a bill of review will lie only where new matter has been discovered since the decree, and of which the party could not have had the benefit in the first instance, making a new case, and one proper for equity jurisdiction. In the case of *Haskell* vs. *Raoul*, 1 McC. Ch., 30, the Court of Appeals decided that a bill of review will not lie for error in law apparent on the face of the decree. This is a point regarded as settled, and both policy and the safety of suitors require that it should not be open for argument."—3 Rich., 541. But in the case of *Smith* vs. *Hunt*, decided twenty years after, the Court, without expressly overruling the former decision, or even noticing it, say, that bills of review will lie on account of error in law apparent on the face of the decree, as well as for newly discovered testimony.

But, supposing the ground to be a good one, does it exist in this case? What is meant by error apparent on the face of the decree? It does not mean merely erroneous judgment. It rather means a mistake, or omission, or misstatement as to a rule of law, or legal principle, or statutory enactment.—17 Ves., 178. Thus, in *Perry* vs. *Phelps*, Lord Eldon says: " There is a distinction between error in the decree and error apparent: error apparent does not apply to a merely erroneous judgment." And, by way of illustration, he adds: "The cases of error apparent are of this sort—an infant not having a day to show cause." The error must be obvious, so as to be perceived as soon as brought to the attention of a jurist.

In the case in hand, Galloway Monteith gave a bond and mortgage to the plaintiff for a loan. A bill was filed against his executrix, the present petitioner, and a decree of foreclosure obtained at June Term, 1860, under which the mortgaged property was sold in October, 1860, and the sale reported and confirmed, and the cause marked on the docket "ended," at June Term, 1862. The petitioner made no defence in the cause, but allowed an order, *pro confesso*, to be entered against her ; and the decree was based on a report of the Commissioner, setting forth the amount due on the bond, according to its tenor and import. At the same Term

(June, 1860,) a cause of the same plaintiff *vs.* William Bollinger was heard. The cause of action was a bond, in precisely the same terms as Monteith's, and a mortgage to secure it. This cause was defended, the defence being that the contract was usurious. An elaborate and learned judgment was delivered by the presiding Chancellor, in which the defence was fully considered and solemnly overruled. Bollinger appealed ; and, in December, 1861, the Court of Appeals decided that the contract was usurious, reversed the Circuit decree, and dismissed the bill. Thereupon, but not until the 15th of June, 1867, the plaintiff filed this petition, and the alleged error of law in the Circuit decree is, that the Chancellor held that the contract was not usurious.

The Court of Appeals has decided that he made a mistake, and it must, therefore, be conceded that he did. But it only amounted to "erroneous judgment." Until the Court of Appeals spoke, no jurist would have said that there was error in law apparent on the face of the decree, in the sense in which that expression should be understood. Suppose Bollinger, instead of appealing in his case, had filed a petition for a bill of review, and alleged error in law apparent on the face of the decree. It is quite certain that it would not have been listened to. But I do not see anything to distinguish that case from the present.

It is deeply to be regretted that the petitioner did not pursue the course which would have saved her from the loss she has suffered. But the Court is constrained to refuse the prayer of the petition.

The petitioner appealed, on the grounds :

First. Because it is respectfully submitted that there was error apparent on the face of the· decree in the case of the Columbia Building and Loan Association against this petitioner, for which a bill of review will be granted.

Second. Because the petitioner was prevented from appealing from the said decree, under a mistake of law, and by advice of counsel.

Third. Because the claim of the Columbia Building and Loan Association was founded in usury, was against the policy of the law, and ought to be set aside.

Fourth. Because such claims as that of the Columbia Building and Loan Association against the petitioner had, before that time, been generally, if not universally, regarded as legal, and the opinion of the Court in the case of Bollinger is in the nature of after discovered testimony, for which a bill of review will lie.

*Ex parte* Mary S. Monteith.

Fifth. Because the strictness of the rules in regard to bills of review is necessary to prevent perjury, and that such rules are adopted for that purpose; whereas, it is respectfully submitted that in the present case perjury is impossible—the entire evidence being in the record of the case, and in the opinion in the case against Bollinger.

Sixth. Because it is respectfully submitted that a great wrong has been done to the petitioner by the decree against her for the Building and Loan Association, and that there is no wrong without a remedy.

Seventh. Because all the facts are admitted to be true, and that, therefore, no wrong will be done to the Building and Loan Association by granting leave to file a bill of review.

*Fickling & Pope,* for appellants.

First ground:

1st Point. Formerly a bill of review would lie for error in decree.—*Postell* vs. *Postell,* 1 Des., 173; *Brailsford* vs. *Heyward,* 2 Des., 34; *Ramsay* vs. *Deas,* Ibid, 239 ; *Rutledge* vs. *Greenwood,* Ibid, 412; *Webb* vs. *Bollinger,* Ibid, 507.

2. Bill would lie for same causes as allowed in England.—*Haskell* vs. *Raoul,* 1 McC., 22. As to time.—*Ridlehoover* vs. *Kinard,* 1 Hill, 378. For what causes.—See *Jeannerette* vs. *Radford,* Rich. Eq. Cas., 469.

3. Will now lie for error in decree.—A. A., 6 Stat., 411; see A. A., 7 Stat., 258, § 3.

4. This is case of error apparent.—*Hunt* vs. *Smith,* 3 Rich. Eq., 466.

Second ground:

1st Point. There was mistake of law which will be relieved against.—*Garner* vs. *Garner,* 1 Des., 437 ; *Eggleston* vs. *Keith,* 2 Des., 141; *McCrae* vs. *Hollis,* 4 Des., 122; *Lowndes* vs. *Chisolm,* 2 McC. Ch., 455; *Hopkins* vs *Mazyck,* 1 Hill's Ch., 242; *Gist* vs. *Gist,* Bailey's Eq., 343. See, also, *Gilchrist* vs. *Martin,* Bailey's Eq., 492; *Laurence* vs. *Beaubien,* 2 Bail., 623, and cases there cited.

Third ground:

1st Point. Usury.—*Columbia Building and Loan Association* vs. *Bollinger,* 12 Rich. Eq., 124.

Sixth ground :

1st Point. Because the decree was founded in fraud and misrepresentation.—*Caldwell* vs. *Giles*, 2 Hill's Ch., 548; *Reid* vs. *Clark*, Speer's Eq., 349.

Oct. 9, 1869.   The opinion of the Court was delivered by

MOSES, C. J.   It is not necessary to consider, under the petition, whether a bill of review, or a bill in the nature of a bill of review, will be entertained in this State for error in law apparent on the face of the decree.

It is sufficient, for the disposition of the motion which assumes such jurisdiction, for this Court to show that the ground on which it is claimed does not exist in the case, and that, on familiar rules, in regard both to the principles and practice of equity, it cannot be granted.

The bill was filed for the foreclosure of a mortgage of certain real estate, given to the plaintiffs by the testator of the petitioner, to secure the payment of several bonds executed to them by him.

No appearance was entered, or defence submitted, and there was nothing before the Court but the case as made by the bill and exhibits.

The petitioner cannot complain if it is conceded on her behalf that the bonds were usurious on their face.   Her allegation is, that there was error in law apparent in the decree, by reason of that fact.

The bond, under the Act of 1830, (6 Stat. at Large, 409,) was not void.   If the petitioner (then the defendant) desired to avail herself of the plea of usury, and thus reduce the recovery to the principal sum loaned or advanced, she should have so framed her defence as to have brought that question to the view and decision of the Court.

The Chancellor is not bound to set up a plea for a party who neglects or declines to do it for himself.   Where, then, is the error in law apparent on the face of the decree under the case as made ?

In *Trulock* vs. *Robey*, 15 Simons, 38 E. C. R., 279, it is said that, in support of a bill of review for error in a decree, the pleadings cannot be referred to.   Suppose, however, we extend the rule here, and permit the petitioner to bring the pleadings to the view of the Court, how will it aid her in the purpose she now seeks?

Extrinsic evidence cannot be introduced, nor will the circumstance that, on a bond of like character to which the defence of

*Ex parte* Mary S. Monteith.

usury was in due form made, relief was granted, be of avail to show that there was error of law in the decree in the case against her.

There is, however, another objection which is fatal to the party. It is admitted that she subjected herself to a decree *pro confesso*, and it is claimed that, had she presented her defence, the result would have been, as in the case of *Bollinger* ads. the same plaintiffs, (12 Rich. Eq., 124,) a decree in her favor.

Where one loses his suit by his own neglect, he cannot be aided by a bill of review.—*McMickens, Exr's*, vs. *Crossman and al.*, 22 How., 282. This is founded on a well recognized principle. A party must not stand off, risk the chance of litigation, and, if, perchance, the result be against him, seek a review of a judgment to which his laches has contributed, and which a regular course of defence might have averted.

We have anxiously examined the case, to ascertain if anything could be found to authorize the relief sought. While, with the Chancellor below, we regret that the petitioner did not pursue the course which might have saved her from loss, we are obliged to dismiss the motion.

*Willard*, A. J., concurred.