CHARLES McMICKEN'S EXECUTORS, VIZ: WILLIAM CROSSMAN, FREEMAN G. CAREY, AND WILLIAM M. F. HEWSON, *v.* FRANKLIN PERIN.

Where a bill of review was filed, alleging that the decree was obtained by fraud, which allegations were denied in the answer, and it appeared by the evidence that the complainant had lost the suit by his own neglect, the bill of review was properly dismissed by the court below.

THIS was an appeal from the Circuit Court of the United States for the eastern district of Louisiana.

The case was twice before this court, and is reported in 18 Howard, 507, and 20 Howard, 133.

The facts of the present case are stated in the opinion of the court.

It was submitted on printed briefs by *Mr. Benjamin* for the appellants, and by *Mr. Day* and *Mr. Perin* for the appellee.

*Mr. Benjamin* said:

The appellant has died since taking his appeal, and the executors who represent him in this cause have not deemed themselves authorized to abandon the appeal, but have instructed the undersigned to submit it for the decision of the court.

The undersigned counsel therefore respectfully submits the cause for decision, but, on examination of the record, does not deem it his duty to attempt by argument to show the existence of any error in the decree appealed from, confident that if such exist, it will be corrected by the decision of this court.

The arguments on behalf of the appellee need not be reported.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the eastern district of Louisiana.

The bill filed by McMicken in the court below is in the nature of a bill of review, praying relief from a decree obtained against him by Perin in a previous suit by means of fraud and imposition.

The suit by Perin charged McMicken with holding, in trust for his use, a valuable sugar plantation, situate in the parish of East Baton Rouge, on the Mississippi river, in the State of Louisiana; and sought a discharge of the trust and a conveyance of the title to the complainant.

The bill of review sets forth as the ground of fraud in the decree, that after the commencement of the former suit and service of the subpœna on McMicken, in an interview with

Perin on the subject of the suit, he agreed to discontinue it, and prosecute the same no further; upon which understanding the defendant acted, and discharged the solicitor retained to defend it, and omitted altogether any defence; and that in violation of the agreement, and in fraud of the rights of the defendant, he, Perin, proceeded with the suit in the absence and without the knowledge of the defendant, obtaining the decree in question by default, declaring the trust, and directing a conveyance of the plantation.

The bill of review further sets forth that the advances made by the complainant in the purchase of the property, and the liabilities incurred by way of raising encumbrances on the same in securing the title, far exceeded the sum stated by Perin in his bill, and which he proposed to reimburse and satisfy, and of all which he had full knowledge, but which he fraudulently suppressed and excluded from the decree, which the complainant is justly entitled to have allowed upon setting aside the purchase and declaring the trust for the benefit of Perin.

The defendant, in his answer to the bill of review, denies specifically the fraud charged therein against him; denies that he agreed to give up the suit, and not further prosecute the same, or that he gave any assurances to McMicken to that effect, or which were calculated to mislead or induce him to withdraw from the defence, or that any such understanding existed between the parties; but, on the contrary, since the filing of his bill he has, at all times, insisted upon his rights as set forth therein, and upon the prosecution of his claim to the property.

The defendant also denies that the omission to set forth in his bill any other sums than those allowed in the report of the master, and which entered into the decree, were with a view to an ex parte proceeding in the suit as charged by McMicken, and denies all fraud or concealment in respect to these accounts.

The answer of the defendant is directly responsive to the charges in the bill, and relates to facts within his knowledge, and, upon well-settled principles of pleading, must be taken

as presenting the true state of the case, unless overcome by the proofs. The complainant, in view of this rule, has examined witnesses in support of the allegations, but they have wholly failed to sustain them.

The bill of Perin against McMicken to enforce the trust was filed in February, 1851. The subpoena was served personally in November, 1852. McMicken resided in the State of Ohio, and the service in the suit could be made only in the State of Louisiana. The decree pro confesso was entered in April, 1853, and the final decree in June, 1854. The suit seems not to have been hurried with any unusual speed to its final determination.

In February, 1855, a petition was presented to the court containing, substantially, the facts set forth afterwards in the bill of review, on behalf of McMicken, to set aside the decree, and to permit him to come in and defend, which, after hearing, was denied. Whereupon an appeal was taken to this court from the decree in the suit, and also from the order refusing to set aside the decree, and which were affirmed in December term, 1855, (18 How., 507; 20 ib., 133.)

The present bill was filed for a review of the decree and order thus affirmed by this court in January, 1857. The case was heard on pleadings and proofs, and a decree entered dismissing the bill in November of the same year, and is now before us on appeal.

The bill was dismissed upon the ground that the excuse set up by the complainant, to wit, the fraud and imposition of Perin, for not appearing and defending the former suit, was fully and completely denied in the answer, and wholly unsupported by the proofs. The failure, therefore, of the defendant to appear and defend, and his rights in that suit, for aught that was shown, was attributable to his own neglect and inattention.

The allegations upon which relief in the bill rested, and upon which alone a rehearing could be granted in the case, consistent with the established practice of a court of chancery, were unsustained.

This is familiar doctrine, and is decisive of the case.

The decree of the court below affirmed.