Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 The complainant in the bill filed below failed utterly, we think, to make out a case of fraud, mistake, or want of authority on the part of his solicitors and counsel in filing the pleadings in the original suit, and taking, the ground they did on his behalf. Of course fraud is not charged; but the complainant relied on the fact that he never saw the answer or cross-bill, and did not know their contents. This is no ground for allowing him to repudiate them now. It is not alleged that he would have placed his defence on any different ground had the answer and cross-bill been read by him. Indeed, they were drawn in pursuance of the advice received from his counsel and acquiesced in by him. His not having sworn to his answer, or eveii read it, is no excuse. It was his duty to have known its contents, if not to have verified it. If his counsel failed to make as good a defence for him as they might have done, it was his misfortune and cannot be rectified after the passing of the decree. Litigation would never come to an end if parties were permitted thus to shift their entire ground of attack or defence, after finding where the pinch of the cause lay. They must be estopped by the record, unless they can show that they were the victims of fraud or mistake.
 

 Taking the cause, then, as it stood when the original decree was rendered, does the bill of review show any error for which it can be reversed ?
 

 It is to be remembered, that on a bill of review the proofs
 
 *65
 
 cannot be considered.
 
 *
 
 If the decree is contrary to these, remedy must bo sought by appeal.
 
 †
 
 We are confined, then, to an examination of the pleadings, proceedings, and decree, and the pleading of Day himself is to have controlling effect so far as it contains admissions against his own interest. It is apparent that the decree of the Circuit Court on the bill of review was based on the answers and evidence adduced by the other defendants, which tended to show that the appellee’s case was similar to theirs. Day’s own answer in the case was entirely disregarded. But is it. possible to ignore it? Day was not necessarily in the same category with the other defendants. All had an equal opportunity to surrender their subscriptions to the city, and it was claimed by the other defendants in their answers, and admitted and shown, by a stipulation filed in the cause, that they did surrender their subscriptions to the city, and that the city assumed them. But they do not slate, and it would not be evidence for Day, if they did, that Day surrendered his subscription. On the contrary, in his own answer, which is evidence against him, he clearly admits that he was a large subscriber to the stock, and that there was due on his subscription the amount for which the decree was rendered against him. There is nothing in the bill, nor in the report of the master, nor in any other part of the record, unless it be the answers of the other defendants, inconsistent with this admission of Day himself. On the contrary, the charges of the bill and the report of the master are in entire conformity with it. As the record stands, no other decree could have been made than that which was made, unless the other errors assigned have some ground to stand on.
 

 Those errors are not relied on by the court below. As to the first, namely, that the Floyd County Circuit Court had exclusive jurisdiction of the case, it is hardly necessary to remark upon it. Surely, a creditor’s bill may be filed in a different court from that in which the creditor obtains his judgment; for, otherwise, none could have been filed when
 
 *66
 
 courts of law and equity were separate courts, as they still are in some of the States.
 

 The second was clearly groundless. The bill stated the ground of the claim against Day, and the answer admitted it, and supplied the particulars if they were not sufficiently specified in the bill.
 

 . The third error assigned was that the complainants had been guilty of gross laches and negligence in preferring their claim, having waited nine years after the return of their execution unsatisfied before filing their bill. This might have been a proper defence to make to the original bill; but it was not the defence which the appellee made. He did not put himself on that ground. He admitted his liability and prayed that the other defendants might contribute their just share, which he insisted would relieve him. How could the court under such a defence as this have dismissed the bill for laches and delay? A decree has to be founded on the
 
 allegata
 
 as well as
 
 probata
 
 of the case. There is nothing in the allegata, which alone are before us, to justify a different decree from that which was made.
 

 The court below evidently relied on its knowledge and estimation of the proofs in the cause. The learned judge in his opinion, in summing up his views of the case, says so, in so many words.
 
 *
 

 In the views there expressed, we think the court erred. We think the rule to be well established, and a wholesome one, that (as before stated) the proofs cannot be looked into on a bill of review. This was so expressly held in
 
 Whiting
 
 v.
 
 Bank of the United
 
 States.
 
 †
 
 It is true that in our practice the final decree does not contain a summary of the facts as it did in the English practice — which summary was examinable on a bill of review; but to countervail this absence of statement in the decree, we have adopted the practice of looking back of the decree into the whole record of the pleadings and proceedings, including orders, master’s report, &e., together constituting what is generally regarded
 
 *67
 
 as the record in the cause, and necessary to be examined in order to a proper understanding of the decree itself. This makes a record similar to that of a commou-law action, the decree being the judgment of the law upon the allegations of the parties, and the conclusion which the court deduces from the proofs. But the conclusions of fact deduced from the proofs are not spread upon the record
 
 in extenso,
 
 unless through the medium of a report made by a master or commissioner.
 

 The eighty-sixth rule in equity, adopted by this court, has abolished the recital of the pleadings and proceedings in the decree, and has prescribed the form in which it shall be couched, as follows: “ This cause came on to be heard at this term, and was argued by counsel; and thereupon, in consideration thereof, it was ordered, adjudged, and decreed, as follows, viz.here inserting the decree or order. The decree, it is true, may proceed to state conclusions of fact as well as of law, and often does so for the purpose of rendering the judgment of the court more clear and specific.
 

 The record thus made up constitutes the basis of examination on a bill of review, but it never contains the proofs adduced in the cause. .
 

 An examination of the record in this case does not, in our judgment, afford any ground for setting aside the decree made against Day in the original cause.
 

 Decree reversed, with directions to
 

 Dismiss the bill.
 

 The CHIEF JUSTICE did not sit. Mr. Justice DAVIS dissented.
 

 *
 

 2 Daniel’s Chancery Practice, 1631, 3d ed.
 

 †
 

 Story’s Equity Pleading, § 407.
 

 *
 

 See supra,
 
 pp. 62-63 —Rep.
 

 †
 

 13 Peters, 6.