## SHELTON *v*. VAN KLEECK.

1. The only questions open for examination on a bill of review for errors of law appearing on the face of the record are such as arise on the pleadings, proceedings, and decree, without reference to the evidence in the cause.

2. The truth of matters of fact alleged in such a bill is not admitted by a demurrer thereto, if they are inconsistent with the decree.

3. Where the decree in a foreclosure suit adjudged the sale of the mortgaged lands, the alleged new matter discovered, if it relates to the proceeding in selling them, can have no effect on the decree.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

Van Kleeck filed his bill, Nov. 18, 1877, against Shelton and others, praying for the foreclosure of a deed of trust in the nature of a mortgage upon certain lands in Illinois, executed by Shelton and wife, Sept. 21, 1872, to secure the payment to Van Kleeck of the sum of $9,000. Shelton and wife answered. Elizabeth Blue filed a separate answer, setting up, among other

defences, usury, partial payment of the mortgage debt, and insisting that other land should be subjected to the payment of a part of the amount claimed in the bill. All the other defendants failed to answer, and the cause was referred to a master, who submitted his report April 28, 1879. Exceptions were taken thereto, and overruled. Upon final hearing, a decree was rendered, declaring that $12,667.25 was due to Van Kleeck, and ordering a sale of the lands by a master. He sold them Sept. 30, 1879, and on the 10th of the following month he reported the sale. No exceptions were filed, and it was confirmed by an order entered the 15th of December, 1880. On the 31st of that month Shelton entered a motion to set aside the sale. The motion was overruled, to which an exception was taken and an appeal allowed. The master executed a deed to Van Kleeck, who was thereupon put in possession of the premises by the marshal.

Shelton and wife then filed this bill of review, in which they set out the pleadings in the original suit, and the decree there rendered, and specify the following errors as appearing upon the face of the record : —

1. At the time of rendering the decree the indebtedness of the petitioners to Van Kleeck did not exceed the sum of $4,000, and the amount decreed is unjust, oppressive, and inequitable. 2. The amount of the decree is unjust, exorbitant, and a great oppression on your petitioners. 3. The decree is not consistent with the evidence in the case, and is contrary thereto. 4. The decree is usurious, — large usurious interest, to wit, about $5,000, being duly incorporated in and forming part of the amount for which it was rendered. 5. The decree unjustly and oppressively discriminates against the petitioners, by arbitrarily providing that their homestead be first sold, thereby exposing it to sacrifice, and that the farm and homestead of Elizabeth Blue shall not be sold for more than $4,000, thereby arbitrarily compelling a sale of the petitioners' homestead for $8,667.25 and the costs of sale. 6. The decree does not determine the rights or interests of any of the defendants except your petitioners and said Elizabeth Blue. 7. The decree was only entered against a part of the defendants, leaving the suit still pending as to the others. 8. The decree is contradictory, and shows that the

same defendants made default, and answered the bill and defended at the same time.  9. The decree is against the law, and contains divers other errors and imperfections.

The bill then alleges that since the rendition of the decree certain new matter has been discovered.  It is sufficiently stated in the opinion of the court.

A demurrer to the bill was sustained.  The complainants thereupon appealed here.

*Mr. Charles J. Beattie* for the appellants.
*Mr. John I. Bennett* for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The only questions open for examination on a bill of review for error of law appearing on the face of the record are such as arise on the pleadings, proceedings, and decree, without reference to the evidence in the cause.  This has been many times decided in this court.  *Whiting* v. *Bank of the United States*, 13 Pet. 6 ; *Putnam* v. *Day*, 22 Wall. 60 ; *Buffington* v. *Harvey*, 95 U. S. 99 ; *Thompson* v. *Maxwell*, id. 391.

A demurrer admits only such facts as are properly pleaded. As questions of fact are not open for re-examination on a bill of review for errors in law, the truth of any fact averred in that kind of a bill of review inconsistent with the decree is not admitted by a demurrer, because no error can be assigned on such a fact, and it is, therefore, not properly pleaded.  This disposes of the first, second, third, fourth, and fifth specifications of error presented in this bill of review.  They are all errors of fact, and can only be determined by a reference to the evidence.  It nowhere appears from "the bill, answer, and other pleadings, together with the decree," constituting what Mr. Justice Story said, in *Whiting* v. *Bank of the United States*, *supra*, "is properly considered as the record," that there was any usury in the case, or that the appellants had not waived their homestead rights as alleged in the bill.

All the allegations of error on the face of the record are equally bad.  It is stated in the decree that all the material averments of fact in the bill were proved, and on these facts the priority of the lien of the complainant was established.

All the issues were thus disposed of, and the decree was in favor of the complainant and against all the defendants. The omission of the name of McGregor from among those against whom it was stated in the decree the bill was taken as confessed, is unimportant. If, as is stated in the brief of counsel for the appellant, he was served with subpœna, and did not plead, answer, or demur to the bill, the decree was in fact *pro confesso* as to him, and he is as much bound as if he had been particularly named.

All the new matter alleged to have been discovered relates to the proceedings in making the sale, and can have no effect on the original decree. So far as the decree confirming the sale is concerned, the matter is not new, for the addition to the transcript, filed by consent, shows that all the affidavits now relied on to establish the new facts were actually read in evidence on the hearing of a motion, made before the confirmation, to set aside the sale. These affidavits cannot be considered on a bill of review to reverse the decree of confirmation for errors appearing on the face of the record, because as evidence they form no part of the record which can be looked into on such a review. But, as part of the exhibits annexed to a bill of review for alleged discovery of new matter, they may be referred to for the purpose of determining whether, upon the showing of the complainant in review, the matter alleged to be new first came to his knowledge after the time when it could have been made use of at the original hearing.

This disposes of the case; and the decree dismissing the bill of review is

*Affirmed.*