**RUDOLPH et al., Commissioners of the District of Columbia, v. HUNT et al.***

(Court of Appeals of District of Columbia. Submitted December 11, 1922. Decided February 5, 1923.)

No. 3898.

1. **Equity** ⊚⊃443—**Bill lies to review decree rendered on bill and answer, involving** *construction* **of statute.**

A bill of review will lie to review a decree, rendered after a trial on bill and answer, where there was no issue of fact involved, but only a question of law as to the construction of statutes.

2. **Equity** ⊚⊃446—**Bill cannot be based on error of fact or mistaken view of evidence.**

A bill of review, except when based on newly discovered evidence, can only proceed on error of law apparent on the face of the record, not on error of fact, or an alleged mistaken view which the court may have taken of the evidence.

3. **Appeal and error** ⊚⊃842(1)—**Appeal from dismissal of bill of review raises question whether error appeared on record.**

Where a bill to review a former decree for error appearing on the face of the record was dismissed on defendant's motion, the question whether there was any error apparent on the face of the record can be determined on complainant's appeal from the decree of dismissal.

4. **Hospitals** ⊚⊃2—**School for tubercular children cannot be considered addition to hospital for indigent tubercular patients.**

The school for tubercular children, authorized by Act June 16, 1921, without specific reference to the location, cannot be considered an addition to, or extension of, the hospital for the treatment of indigent tuberculosis patients, authorized by Act June 27, 1906, and therefore cannot be erected by the commissioners of the District on the same site as the hospital, on which the act of 1921 also directed the erection of a junior high school.

5. **District of Columbia** ⊚⊃23—**Commissioners cannot change purpose for which tract is dedicated by Congress.**

Where a tract of land is purchased under authority of Congress for a particular purpose, it can only be used or disposed of under the express

---

⊚⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 43 Sup. Ct. 521, 67 L. Ed. —.

direction of Congress, and cannot be used for another purpose by the commissioners of the District, whose authority to act must be gathered from the express terms of the statute granting it.

Appeal from the Supreme Court of the District of Columbia.

Bill of review by Cuno H. Rudolph and others, as Commissioners of the District of Columbia, against Charles E. Hunt and others, to review, for error of law apparent on the face of the decree, a decree rendered in a suit by Charles E. Hunt and others against Cuno H. Rudolph and others, as Commissioners. From a decree dismissing the bill, complainants appeal. Affirmed.

Francis H. Stephens and Robert L. Williams, both of Washington, D. C., for appellants.

Roger J. Whiteford, of Washington, D. C., for appellees.

Before VAN ORSDEL, Associate Justice, and MARTIN and SMITH, Judges of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Appellees, complainants below, filed a bill in equity in the Supreme Court of the District of Columbia seeking to restrain defendants, commissioners, from erecting a school building for tubercular pupils upon certain land owned by the District.

It appears that in 1900 (31 Stat. 576) Congress authorized the commissioners to purchase a site for a municipal hospital, and appropriated $100,000 for that purpose. Accordingly a tract of land, just north of Upshur street in this city, was purchased, which for convenience will be referred to as the Upshur tract.

Congress in 1906 passed an act (34 Stat. 511) providing—

"for erection and equipment, complete, of a hospital for treatment of indigent tuberculosis patients only, said hospital to be located and erected on the site heretofore acquired for a municipal hospital, and to be situated and constructed on said site without reference to existing or proposed plans for any other hospital on said site, one hundred thousand dollars."

The Upshur tract at this time was still vacant and unoccupied.

By Act of Congress July 21, 1914, 38 Stat. 545, an appropriation of $15,000 was made—

"for the preparation of plans and specifications for the erection of hospital buildings, including power house and domestic service building, for municipal purposes, to be located and erected on a site now owned by the District of Columbia at Fourteenth and Upshur streets, and hereafter to be known as the Gallinger Hospital."

In 1917 Congress (39 Stat. 1036) appropriated $150,000 with which to commence the construction of the Gallinger Hospital on reservation numbered 13, with the following repealing clause:

"That the provision contained in the District of Columbia Appropriation Act for the fiscal year nineteen hundred and fifteen [approved July 21, 1914] requiring that said hospital be located and erected at Fourteenth and Upshur streets is hereby repealed."

Congress, by Act of June 16, 1921, 42 Stat. 59, provided as follows:

"For beginning the erection of a junior high school north of Taylor street and east of Fourteenth street [the Upshur tract], on the land now owned by the District of Columbia, $100,000, and the commissioners are authorized to

enter into contract or contracts for said building at a cost not to exceed $300,000."

By the same act, without specific reference to location, an appropriation of $150,000 was made "for the erection of a building for the care of tubercular pupils."

It is to enjoin the erection of the building for the care of tubercular pupils on the Upshur tract that the present suit was brought. The case was tried on bill and answer, resulting in a decree for defendants, from which an appeal to this court was noted.

The appeal was abandoned, and several months later defendants, commissioners, filed a bill of review, alleging:

"That there is error apparent on the face of the record leading up to said final decree, in that there was no limitation upon the discretion of the commissioners in selecting a site for the said school for tubercular children contained in any law, and it was beyond the power of the court to impose such a limitation; that the said Upshur street tract was designated as a site for a tuberculosis hospital, which has been erected on the said site, and as a site for a junior high school; that the said school for tubercular children partakes of the nature of each and is in no wise a departure from any supposed policy of Congress, not expressly defined, as to the nature and use of buildings to be erected upon the said Upshur street tract."

Complainants, defendants in the bill of review, moved to dismiss the bill on the ground, among others, that there is no error apparent on the face of the record. From a decree sustaining the motion to dismiss, this appeal was taken.

[1] We think this is a case in which a bill of review will lie. The case presents only a question of law. There is no issue of fact involved. The decree was rendered in a trial on bill and answer. The bill, answer, and decree constitute the record.

[2] A bill of review, except when based upon newly discovered evidence, can only proceed upon error of law apparent on the face of the record, not upon error of fact or an alleged mistaken view which the court may have taken of the evidence. "On a bill of review the proofs cannot be considered." Putnam v. Day, 22 Wall. 60, 22 L. Ed. 764. Or, as said in Shelton v. Van Kleeck, 106 U. S. 534, 1 Sup. Ct. 491, 27 L. Ed. 269:

"The only questions open for examination on a bill of review for error of law appearing on the face of the record are such as arise on the pleadings, proceedings, and decree, without reference to the evidence in the cause."

[3] But did the court below commit error in dismissing the bill for lack of error apparent on the face of the record; and can this question be reviewed on the present appeal? A single question of law is presented, which was fully raised by the bill of review. We think it can be disposed of in this appeal, following the procedure outlined in Willamette Iron Bridge Co. v. Hatch, 125 U. S. 1, 7, 8 Sup. Ct. 811, 814 (31 L. Ed. 629), as follows:

"On a pure bill of review, like the one in this case, nothing will avail for a reversal of the decree but errors of law apparent on the record. Whiting v. Bank of the United States, 13 Pet. 6; Putnam v. Day, 22 Wall. 60; Buffington v. Harvey, 95 U. S. 99; Thompson v. Maxwell, 95 U. S. 391, 397; Beard v. Burts, 95 U. S. 434; Shelton v. Van Kleeck, 106 U. S. 532; Nickle v. Stewart, 111 U. S. 776. Does any such error appear in the present case? The court

below has decided in the negative. We are called upon to determine whether that decision was correct. It must be assumed that the questions of fact, at issue between the parties, were decided correctly by the court upon its view of the law applicable to the case. But the important question is: Was its view of the law correct?"

So the question here is whether or not the court below erred in dismissing the bill of review, for the reason that there was no error of law involved in the case, apparent upon the face of the record.

The act of 1900 specifically dedicated the Upshur tract for the erection thereon of a municipal hospital. Nothing appears to have been done towards its construction until in 1914, when an appropriation was made for plans and specifications, and the name changed to the Gallinger Hospital. No change of location was made, but in 1917 Congress appropriated money for the erection of the Gallinger Hospital, changed the location, and repealed the act of 1914. It is clear that the mere change in location served to repeal the original dedication of the Upshur tract for municipal hospital purposes.

[4] It seems to have been in the mind of Congress, in the act of 1906, to abandon the use of the Upshur tract for a municipal hospital, since at that time they directed the erection of a tuberculosis hospital on that site, "without reference to existing or proposed plans for any other hospital" thereon. We think this amounted to a dedication of the Upshur tract for a tubercular hospital, which dedication, following the removal of the municipal hospital, remained exclusive until 1921, when Congress dedicated it to the further purpose of a site for a junior high school.

It seems to be conceded, as it may well be, that if this tract has been specifically dedicated to a particular use, the commissioners would be powerless on their own motion to erect thereon buildings for another and distinct institution than that to which Congress had dedicated it. But it is contended by the commissioners that the "erection of a building for the care of tubercular pupils" is merely an addition to or extension of the tubercular hospital plant.

We are of opinion that this contention cannot be sustained. The dedication of 1906 was for "a hospital for treatment of indigent tuberculosis patients only." The language used is most specific, confining the use to the treatment of a particular class of patients. The appropriation under consideration implies an educational institution for the instruction, as well as the care, of tubercular children generally, without reference to whether they are indigent or not. The purpose indicated in this clause of the appropriation act is inherently different from that used in establishing the tubercular hospital.

[5] The Upshur tract is land purchased under authority of Congress for a particular purpose, and can only be used or disposed of under the express direction of Congress. The disposal or use, except for the purpose specified, is beyond the jurisdiction of the commissioners. As we said in Fay v. MacFarland, 32 App. D. C. 295, 299:

"The commissioners are creatures of statute. They possess no implied powers. Their authority to act must be gathered from the express terms of the law granting it. Hence. in any attempt to act under a statute granting authority, they must comply literally with its requirements."

To the same effect is Washington Market Co. v. District of Columbia, 6 App. D. C. 34, where the court, speaking through Mr. Justice Shepard, said:

"The wholesale market space at the intersection of the named streets and avenues can hardly be called a street, since its setting apart as an open space for a market by act of Congress. But, concede that it is to be considered as a street; the power to regulate its repair as a street did not confer the power to authorize the erection of buildings thereon, much less a contract to pay for them."

It may be suggested that the commissioners have a speedy and inexpensive remedy in cases of this sort, by resort to Congress for specific directions.

The decree is affirmed, with costs.

Motion for allowance of appeal to United States Supreme Court denied March 10, 1923.