**Ex parte THOMAS et al.**

**No. 3250.**

United States Court of Appeals for the District of Columbia.

Decided Oct. 18, 1940.

William A. Gallagher, of Washington, D. C., for petitioners.

**PER CURIAM.**

We have considered the petition of W. Bissell Thomas and William B. O'Connell for leave to proceed further in the District Court in Equity Case No. 53,-117. Petitioners seek to reopen the trial court's decree of December 1, 1932, confirming the sale under the deed of trust of a number of properties owned by Wardman Real Estate Properties, Inc. They assert that the decree was obtained in pursuance of a fraudulent scheme detrimental to the interests of former bondholders. These same assertions were formally presented to. the trial court by petitoners prior to the decree, but the judge made a finding to the contrary. It is too well settled to admit of doubt that the final approval of a sale under deed of trust constitutes a final order of the court. See the pertinent explanation of the rule in Chase v. Driver, 8 Cir., 92 F. 780, 783–787, and the cases there cited. In the exercise of our jurisdiction to review final orders, we affirmed that decree. Thomas v. Central Hanover Bank & Trust Co., 64 App. D.C. 96, 75 F.2d 227, certiorari denied, 294 U.S. 726, 55 S.Ct. 636, 79 L.Ed. 1257. After affirmance on appeal and expiration of the time for rehearing, errors in an equity decree may be corrected only by bill of review filed with leave of the appellate court. Consequently, we must treat the present petition as a request for such leave. We think it should be denied for two reasons. First, too much time has elapsed. The final decree of affirmance was entered May 13, 1935, and the present steps were not taken until 1939. Old Equity Rule 58 and present Rule 43 of the District Court for the District of Columbia require that bills of review be filed within two years of the decree. And as no reason for the delay is shown, we think petitioners are likewise barred by laches. Second, the trial court found contrary to the petitioners' assertion of fraud, and on a bill of review the evidence will not be considered for the purpose of correcting findings of fact. Shelton v. Van Kleeck, 106 U.S. 532, 1 S.

Ct. 491, 27 L.Ed. 269; Parks v. Parks, 68 App.D.C. 363, 98 F.2d 235; Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, certiorari denied, 301 U.S. 702, 57 S.Ct. 932, 81 L.Ed. 1357.

Petitioners also ask us to consider their petition as an original bill to review the decision in Thomas v. Central Hanover Bank & Trust Co., supra, or to issue a writ of certiorari to bring up the entire record, for further review. Such a procedure would be quite novel in the practice of the court, but regardless of any questions relating to our power to do this or to the propriety of such action, we think these latter prayers meet the same objections as the former one.