**FRASER v. DOING.**

No. 7835.

United States Court of Appeals for the District of Columbia.

Decided June 29, 1942

618

619

Mr. George C. Gertman, of Washington, D. C., submitted the case for appellant.

Mr. Walter R. Schoenberg, with whom Mr. Byron G. Carson, both of Washington, D. C., was on the brief, submitted the case for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant is a nonresident of the District of Columbia. On June 3, 1938, appellee brought suit against him, in the District Court of the United States for the District of Columbia (Equity No. 67317) to remove a cloud upon title to real estate situated in the District of Columbia. On the same day, original process was issued against appellant and on June 9, 1938, service was made upon him in Florida by a Deputy United States Marshal. This process required an appearance to be made on or before twenty days after service. It specified that in event of failure to appear judgment would be taken pro confesso. Appellant failed to appear and on July 1, 1938, a decree pro confesso was entered against him. Thereafter, appellant filed a motion, supported by his affidavit, to vacate the decree pro confesso; this was overruled on October 5, 1938; and on November 1, 1938, a final decree was entered against appellant in Equity No. 67317, perpetuating the pro confesso decree, removing the cloud and taxing costs against him. No appeal was taken from this decree or from any other action of the court in that case. On November 7, 1938, appellant initiated a new action in the District Court (Civil Action No. 607) by filing, as plaintiff, a pleading entitled: "Original Complaint in the Nature of a Bill of Review Impeaching Decrees Entered in Equity Cause 67317 on July 1, 1938 and November 1, 1938." In this new action appellee was named as defendant. In her answer to this complaint, she alleged that appellant, following service of summons in Equity Cause No. 67317 "did respond to said summons, and entered a general appearance on July 7 and July 25 and July 26, 1938 in said equity cause to set aside said default." So far as appears from the record on this appeal, appellant has never denied the truth of this allegation. On February 6, 1940, appellee filed a motion for summary judgment in Civil Action No. 607. At the pretrial on February 8, 1940, counsel for both parties stipulated "that there are no issues of fact raised by the pleadings in this case except insofar as the records in said Equity Cause 67317 may indicate." When the action came on for hearing on the motion, no evidence was offered by either party; the case being submitted upon the complaint and answer. On January 13, 1941, Justice Morris entered judgment dismissing the complaint in Civil Action No. 607. This appeal followed.

Although the title of the complaint and the arguments on this appeal assume that the proceeding invoked the jurisdiction of equity to entertain bills of review, the first paragraph of the complaint states that jurisdiction is also conferred by Section 118, title 28 of the United States Code.[1] In so far as the complaint sought to reopen questions of fact, it necessarily invoked the procedure authorized by Section

---

[1] 28 U.S.C.A. § 118.

118, title 28 of the United States Code, as in a bill of review for alleged errors apparent upon the face of the record, questions of fact cannot be drawn in issue.[1a] Section 118, however, can be invoked only by a defendant not personally notified of the proceeding. Appellant, as defendant in Equity No. 67317, was personally notified and, therefore, is not entitled to invoke the remedy provided for in Section 118, title 28 of the United States Code.[2]

The new Federal Rules of Civil Procedure became effective on September 16, 1938.[3] Consequently, they did not govern the procedure of Equity Cause No. 67317,[4] but they did govern the procedure of the present case.[5] The new rules contain no provision for bills of review or for a complaint in the nature of a bill of review. But we are advised that it was the intention of the rule-makers to preserve the remedy formerly available by bill of review.[6] This intention appears in the following language of Rule 60(b): "This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding, * * *."

Appellant's use of a bill of review as a remedy in the present case was wrong, in the first place, because it was premature. The final decree in Equity No. 67317 was entered on November 1, 1938, and appellant's bill was filed on November 7, 1938. At that time the decree was still open to correction in the same proceeding by a motion for a new trial,[7] the equivalent of the former petition for rehearing.[8] While rehearing is available as a remedy there is no necessity for a bill of review;[9] consequently, the time for filing a bill of review does not begin until the time for filing a petition for rehearing has passed.[10]

The Supreme Court has stated that: "Bills of review are on two grounds: first, error of law apparent on the face of the record without further examination of matters of fact; second, new facts discovered since the decree, which should materially affect the decree and probably induce a different result."[11] A third ground, also, has been recognized, namely, fraud in procuring the decree.[12] Appellant does not contend that there was fraud in the procuring of the decree or that any new matter of fact or evi-

---

[1a] Shelton v. Van Kleeck, 106 U.S. 532, 534, 1 S.Ct. 491, 27 L.Ed. 269; Ex parte Thomas, 73 App.D.C. 50, 114 F.2d 847.

[2] Perez y Fernandez v. Fernandez y Perez, 220 U.S. 224, 231, 31 S.Ct. 412, 55 L.Ed. 443.

[3] 28 U.S.C.A. following section 723c. Rule 86 provides that the effective date shall be September 1, 1938, or on the day which is three months subsequent to the adjournment of the second regular session of the 75th Congress. That session ended on June 16, 1938, consequently, the effective date fell on September 16, 1938. Schlaefer v. Schlaefer, 71 App. D.C. 350, 354, 112 F.2d 177, 181, 130 A. L.R. 1014.

[4] Schlaefer v. Schlaefer, 71 App.D.C. 350, 355, 112 F.2d 177, 182, 130 A.L.R. 1014; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, 90.

[5] Fed.Rules Civ.Proc., Rule 86.

[6] See Note, 4 Federal Rules Service, 942, 943; 3 Moore's Fed.Prac. (1938) §§ 60.02, 60.04; 18 Hughes, Federal Practice (1940) § 25634; Simkins Fed. Prac. (3d ed. 1938) § 710; Notes of Advisory Committee on Federal Rules, Rule 60, 28 U.S.C.A. following section 723c; Central Hanover Bank & Trust Co. v. Wardman Real Estate Properties, Inc., D.C., 31 F.Supp. 685, 688; Preveden v. Hahn, D.C.S.D.N.Y., 36 F.Supp. 952, 953.

[7] Fed.Rules Civ.Proc., Rule 59(a) (b).

[8] See Notes of Advisory Committee on Federal Rules, Rule 59, 28 U.S.C.A. following section 723c.

[9] 3 Moore's Fed.Prac. (1938) § 59.02.

[10] Obear-Nester Glass Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31, 33; 3 Moore's Fed.Prac. (1938) § 60.02.

[11] Scotten v. Littlefield, 235 U.S. 407, 411, 35 S.Ct. 125, 59 L.Ed. 289.

[12] Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 949, certiorari denied 301 U. S. 702, 57 S.Ct. 932, 81 L.Ed. 1357. See Simonds v. Norwich Union Indemnity Co., 8 Cir., 73 F.2d 412, 415, certiorari denied 294 U.S. 711, 55 S.Ct. 507, 79 L.Ed. 1246: "Bills of review may be maintained upon the following grounds: (1) For error apparent in the record; (2) newly discovered evidence; (3) fraud in procuring the decree. After appeal, where the appellate court has sent down its mandate, such a bill can be filed only after the appellate court has granted permission, unless such permission is reserved in the mandate. Obear-Nester Glass Co. v. Hartford-Empire Co., supra; Hagerott v. Adams (C.C.A.8) 61 F.2d 35. Appellee, however, has neither applied for nor received such permission, and treats this action rather as an equitable action in the nature of a bill of review. The grounds of impeachment of a judgment or decree in the nature of a bill of review are fraud, accident, surprise, or mistake; very similar to those

dence was discovered, after the entry of the decree, in Equity Cause No. 67317, which would probably induce a different result.

The only other issue which could have been presented to the District Court, in the present case, therefore, by bill of review or by complaint in the nature of a bill of review was whether there was error of law apparent upon the face of the record in Equity Cause No. 67317. Appellant has further defined that issue by his statement that: "The genuine issue in the case is whether the impeached decrees are valid, i. e., whether the Court which entered them possessed jurisdiction in personam over appellant."[13]

Assuming that this issue was properly presented by appellant's complaint, it then became the duty of the court to consider it, upon the whole record in Equity Cause No. 67317, as a question of law arising upon the pleadings, the proceedings and the decree in that case.[14] The burden was upon appellant to show to the District Court the error which he claimed to be apparent upon the face of the record in Equity Cause No. 67317;[15] and it was equally his burden to show to this court that the District Court wrongfully found that no such error was apparent thereon.[16] The record which has been brought to us for this purpose is highly inadequate. The disputed record in Equity No. 67317 was not included in the present record on appeal, and, consequently, is not available to us. Under the circumstances every reasonable assumption must be indulged in favor of the District Court's judgment,[17] and in support of its exercise of discretion.

The trial judge, in granting appellee's motion for summary judgment and in entering judgment dismissing the complaint, concluded as a matter of law that: " * * * the plaintiff, notwithstanding the decree pro confesso entered on July 1, 1938 and the order of October 5, 1938 overruling the mo-

tion to vacate the decree pro confesso, had ample opportunity to raise in that case and to be heard upon it, the jurisdictional questions which the complaint raises in this action, therefore the plaintiff is precluded from raising the same now by his present complaint. Accordingly a judgment will be entered dismissing the complaint upon these grounds." Appellant objects to this conclusion, and to the judgment, upon three grounds, the first of which is that a motion for summary judgment is directed to the pleadings and that if it appears from them that a genuine issue exists the court is powerless to award a defendant judgment summarily under Rule 56(c). There are several answers to this contention. In the first place, appellant has misstated Rule 56(c). It reads as follows: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue *as to any material fact* and that the moving party is entitled to a judgment as a matter of law." [Italics supplied.] In the present case there was no issue of fact, material or otherwise.

In the second place, if the trial court's conclusion was correct, appellee was entitled to judgment as a matter of law. As (1) appellee's answer alleged that appellant had made a general appearance in Equity No. 67317; (2) nothing to the contrary was alleged, or proved in the present case; (3) appellant stipulated at the pre-trial that "there are no issues of fact raised by the pleadings in this case except insofar as the records in said Equity Cause 67317 may indicate * * *;" (4) the present case was submitted to the trial court upon the complaint and answer; (5) the record in Equity No. 67317 is not before us; (6) every reasonable presumption must be indulged in favor of the judgment of the trial court; we conclude that appellant did make a general appearance in Equity No. 67317 and subjected himself to the jurisdiction of

necessary to maintain a bill of review with the exception of newly discovered evidence."

[13] See Hagerott v. Adams, 8 Cir., 61 F.2d 35, 36, certiorari denied 288 U.S. 599, 53 S.Ct. 317, 77 L.Ed. 975: " 'The purpose of a bill of review is to obtain a reversal or modification of a final decree. * * *' "

[14] Continental Oil Co. v. Osage Oil & Refining Co., 10 Cir., 69 F.2d 19, 24; Rudolph v. Hunt, 52 App.D.C. 343, 286

F. 1007, certiorari denied 262 U.S. 744, 43 S.Ct. 521, 67 L.Ed. 1211.

[15] McMicken's Executors v. Perin, 63 U.S. 282, 285, 22 How. 282, 16 L.Ed. 259.

[16] Mercantile Trust Co. v. Hensey, 205 U.S. 298, 306, 27 S.Ct. 535, 51 L.Ed. 811, 10 Ann.Cas. 572.

[17] Hardt v. Kirkpatrick, 9 Cir., 91 F.2d 875, 878, certiorari denied 303 U.S. 626, 58 S.Ct. 762, 82 L.Ed. 1088; Quinton v. Neville, 8 Cir., 152 F. 879, 882.

the court for all purposes.[18] This being true he cannot sustain his contention that the court lacked jurisdiction to enter its decrees, and appellee was entitled to judgment as a matter of law.

In the third place, we see no reason to conclude that Rule 60(b), or Rule 56(c), or any other of the new Federal Rules of Civil Procedure was intended to expand the issues which may properly be urged in a bill of review, or in a complaint in the nature of a bill of review. The remedy was one which had been carefully worked out, over the years, to accomplish a certain limited purpose. It was regarded by the rule-makers as of sufficient importance to warrant the preservation of power in the court to use it when the occasion required. It is obvious that it was their purpose, by means of the reservation which they wrote into Rule 60(b), merely to recognize a power already existing; not to create a new one, or to enlarge the old one.

Neither is there anything to indicate that the rule-makers contemplated the exercise of this power by the courts, or the use of the remedy by litigants, on other occasions than before the adoption of the rules; or that the manner of its use should be changed. Consequently, Rule 56(c) must be so interpreted, in its application to this remedy, as to conform the practice to that which had previously existed. There is no more reason now than in earlier years to encourage litigants, by its use, "to drag out litigation endlessly, or to furnish a field for the unnecessary expenditure of money in costs and solicitors' fees." [19]

Appellant's second objection, that Justice Morris dismissed his complaint upon a ground outside the record, is entirely without merit. In the performance of his duty, the judge was not limited to a consideration of the record in Civil Action No. 607. Instead, he was required to examine the record in Equity No. 67317 in its every aspect; and it was his privilege to consider every implication of law arising therefrom which had any relevant bearing upon the question presented by appellant's complaint. It was certainly not necessary for him to go outside the record in Equity No. 67317 to determine (1) whether appellant had made a general appearance therein; and (2) whether he could, in that case, have raised the jurisdictional questions which he raised in Civil Action No. 607; with opportunity to be heard thereon, and to secure in that case a determination of the question which he now seeks to have answered. For the purposes of this appeal, and for the reasons previously given, we have assumed that appellant did make such a general appearance and that having done so he not only subjected himself voluntarily to the jurisdiction of the court,[20] but made himself liable to its decrees. So far as the record reveals—and it is a record made by appellant for his own purposes—he failed to avail himself of his opportunity to challenge the jurisdiction of the trial court either in that court, or on appeal to this court.[21] Instead, he initiated a new proceeding, and upon the patently inadequate record thereof, he would now require the trial court and this court to decide whether there was error of law apparent upon the face of the earlier record. But Rule 56(c) cannot be distorted to achieve such a result. To state the proposition is to reveal its invalidity. The purpose of the bill of review, or of the complaint in the nature of a bill of review, is to permit the same court to examine its earlier record, and to answer the

---

[18] Davis v. Davis, 305 U.S. 32, 43, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518.

[19] Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 949, certiorari denied 301 U.S. 702, 57 S.Ct. 932, 81 L.Ed. 1357.

[20] Davis v. Davis, 305 U.S. 32, 43, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Panama R. Co. v. Johnson, 2 Cir., 289 F. 964, 981, 982, affirmed, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

[21] See Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 375, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329: "The remaining question is simply whether respondents having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that res judicata may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, 'but also as respects any other available matter which might have been presented to that end.'" Rothschild & Co. v. Marshall, 9 Cir., 51 F.2d 897, 899: "A court is without power to grant relief if it appears that the party alleged to have been aggrieved could have, with proper diligence, prevented the mistake complained of."

challenge made to its accuracy.[22] That purpose could not be served by the procedure now contended for.

Appellant's third objection is that Justice Bailey overruled appellee's original motion for a summary judgment; consequently, that his decision became res judicata of the renewal motion and established the law of that phase of the case. Consideration of this objection requires the following additional statement of case chronology: Following the filing of appellant's complaint in Civil Action No. 607, appellee, on June 23, 1939, moved for a summary judgment for the reason that there was "no genuine issue as to any material fact * * *." and that she was entitled to a judgment as a matter of law. On February 6, 1940, Justice Bailey heard the motion and ordered that it be overruled "without prejudice to the defendant's further rights in the case." On the same day appellee filed a renewal motion for summary judgment upon entirely different grounds;[23] challenging in this motion, for the first time, the use of a bill of review or complaint in the nature of a bill of review.

The foregoing statement is sufficient to reveal that this third objection is, also, without merit. The original motion, for the reason heretofore explained, was wrongly conceived, upon the theory that the language of Rule 56(c), concerning a "genuine issue as to any material fact * * *." was applicable to appellant's complaint. This motion was overruled without prejudice. It seems likely that Justice Bailey, at that time, explained to counsel the applicable law concerning bills of review which challenge alleged errors of law apparent upon the face of the record, and that he also explained the inapplicability of Rule 56(c). This seems apparent because the renewal motion, based upon proper grounds, was filed immediately afterwards. It is obvious, in any event, that Justice Bailey's ruling upon the question presented in the original motion did not pass upon, and was not intended to pass upon, the question presented in the renewal motion. Consequently, it did not become the law of the case upon that point, and the principle of res judicata has no application.

We conclude, therefore, that there was no error apparent upon the face of the record in Equity Cause No. 67317; that equity and good conscience did not require the granting of relief to appellant; that there was no abuse of discretion by the trial court.

Affirmed.

---

[22] Quinton v. Neville, 8 Cir., 152 F. 879, 882: "The function of a bill of review is to obtain a reversal of a decree by the court which rendered it either for error of law apparent on the record or to secure a rehearing of the facts, on a showing of newly discovered evidence. 2 Daniell's Ch.Pl. & Pr. (5th Ed.) p. 1576. When the bill is for the purpose first mentioned, consideration can be given to the record of the original cause only. The evidence at large cannot be examined or considered, and any facts averred in the bill of review inconsistent with the pleadings and decree in the main case can have no effect in determining its correctness." People v. Sterling, 357 Ill. 354, 365–369, 192 N.E. 229, 233–235.

[23] "For grounds of said motion the defendant says;

"First:—The questions and issues raised by this bill of review are res adjudicata having been fully heard and adjudicated by this court upon overruling plaintiff's motion to set aside the decree pro confesso and rendering a final decree in the suit which this bill of review is brought to review.

"Second:—That such questions can not be raised or heard upon a bill of review or upon a bill in the nature of a bill of review, even though they had not been previously disposed of, nor can a bill of review be filed without the consent of the court first had and obtained.

"Third:—That by plaintiff's voluntary general appearance in the suit in which the decrees were rendered which this suit would impeach, the plaintiff waived all objection to any and all defects, if any, in the service of process made upon him in that suit."