## CLARK et al. v. GENERAL ELECTRIC CREDIT CORPORATION.

No. 873.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 12, 1949.

Decided March 10, 1950.

Frederick R. Wilson, Washington, D. C., for appellants.

Albert F. Adams, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

**CLAGETT, Associate Judge.**

This is an appeal from an order of the Municipal Court overruling a motion to set aside one of its previous orders. The transaction had its origin in the sale of an oil burner. The oil burner was purchased by the present appellants, who were defendants below, from District Hardware, Radio and Appliance Company. In payment for the oil burner appellants gave their promissory note and the usual conditional sales contract. This note and contract were in turn assigned by the seller to the General Electric Credit Corporation, which is appellee here and was plaintiff below.

The oil burner not having been paid for, appellee brought suit against appellants. It is the form of this suit and the resulting judgment thereon which has caused the present difficulty. In the original complaint it was alleged that there was still owing $416.22, plus interest, and that the conditional bill of sale was a lien upon the oil burner. Judgment on the promissory note was not prayed for, but the plaintiff did ask that the conditional bill of sale be foreclosed, that a receiver be appointed to take possession of the oil burner and sell it, and that in the event of a deficiency, that judgment for such deficiency be given against defendants.

After intermediate steps which will be referred to later, the trial court gave a summary judgment for the full amount of the note, and also in its order provided that such judgment constitute a lien upon the oil burner, appointed a receiver to sell, and ordered appellants to deliver the burner to such receiver. The appellants immediately filed a motion to set aside this judgment on various grounds, including the one that the court's jurisdiction had been exceeded, but this motion was overruled by the trial court and a supersedeas bond set in the event of appeal. No appeal, however, was taken at that time. All of this happened in 1948 and in January 1949.

■ Nothing further was done under such judgment. The burner was not delivered to the receiver. Instead, appellee filed a copy of the judgment in the District Court as permitted by law,[1] which made it a lien upon appellants' real property. When appellee began an action in the District Court to foreclose that lien upon a piece of appellants' real property, appellants, in October 1949, approximately eight months after the termination of the original proceeding in the Municipal Court, filed in the Municipal Court a second motion to set aside the original judgment. The trial court likewise overruled such second motion. It is this proceeding that has resulted in the present appeal.

■ We have concluded that it was within the sound discretion of the trial court to overrule appellants' last motion and that since no abuse of such discretion has been established the order must be affirmed. Appellants, if they desired to appeal, should have done so at the time of the original judgment. Instead, they waited until October 1949, when the trial court overruled their last motion. As we have said on many occasions, such motions may not be used to extend the time of appeal.[2]

Appellants denominated their last motion a "Motion to Set Aside and Vacate Order (In the nature of a Bill of Review)", but the principal grounds for such motion had to do with the original judgment. Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that writs of *coram nobis, coram vobis,* and bills of review and bills in the nature of a bill of review, are abolished and the procedure for relief from a judgment shall be by motion as prescribed in the Federal Rules of Civil Procedure or by an independent action. The Municipal Court, by its rule 53, has adopted certain parts of federal rule 60(b) but has not adopted those portions abolishing bills of review or bills in the nature of a bill of review. It may be proper to file in an appropriate case in the Municipal Court a bill in the nature of a bill of review.[3] This procedure was not followed

1. Code 1940, 15—103.

2. Brooks v. Trigg, D.C.Mun.App., 51 A.2d 302; Union Provision & D. Corp. v. Thomas J. Fisher & Co., D.C.Mun.App., 49 A.2d 85.

3. See Fraser v. Doing, 76 U.S.App.D.C. 111, 130 F.2d 617; Klepinger v. Rhodes,

here, although it appears that the trial court treated the motion as the equivalent of such action. In any event, as already stated, we believe the trial court showed no abuse of discretion in overruling the motion.[4]

 Appellants also assign as error their claim that they have been deprived of a jury trial and that therefore the original judgment is void. We do not agree with this contention. The original action, being for less than $500, is classed under Municipal Court rules as a "B" action in which no answer is required. However, rule 8 of the Municipal Court applicable to "B" actions requires that any person desiring a jury trial shall file an answer accompanied by a jury demand; otherwise the right of trial by jury is waived. Here appellants filed neither an answer nor a demand for jury trial. In any event, this point was available to appellants after the entry of the original judgment and in connection with the original motion to set aside the judgment, from neither of which actions by the trial court did they elect to appeal.

 Appellants likewise assign as error the original action of the trial court in granting a summary judgment because, according to appellants, there existed an issue of fact which should have been tried, either by the court or by a jury. This point also, we believe, should have been raised in the original motion to set aside the judgment. The trial court did not abuse its discretion in overruling the motion.

We think we should add that the judgment is now before the United States District Court in the action to enforce the lien of the judgment against real property and that court has already, tentatively at least, determined some of the issues.

Affirmed.

---

78 U.S.App.D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568.

4. 3 Moore's Fed. Practice, § 60.01, et seq. Cf. Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013.