### Everest *v.* Buffalo Lubricating Oil Co., (Limited.)

*(Circuit Court, N. D. New York.* November 29, 1884.)

PATENTS FOR INVENTIONS—REHEARING—SURPRISE.

> A party cannot obtain a rehearing by asserting that the conduct of his adversary's counsel upon the argument was different from what he had anticipated, and that he was surprised because the attack came from an unexpected quarter.

Motion for Rehearing.

A rehearing is asked by defendant upon the following grounds: *First,* the complainant, having declared upon two patents known as the "distillation" and "fire-test" patents, and having on the argument withdrawn the former from the consideration of the court, the defendant was taken by surprise, supposing that the main reliance of the complainant would be upon the patent thus abandoned; *second,* little attention was given in the progress of the cause to the fire-test patent, (the one sustained,) for the reason that it was believed by the defendant to be invalid for want of invention; the effort of the defense was, therefore, mainly directed to the overthrow of the distillation patent; *third,* considerations of an important and controlling character bearing upon the construction of the fire-test patent and the defense of lack of invention and novelty have failed to come to the attention of the court.

*Corlett & Hatch* and *James A. Allen,* for petitioner.

*T. G. Outerbridge,* for complainant.

Coxe, J. The defendant does not present a case for a rehearing. The petition, when analyzed, is reduced to two main propositions— *First,* the defendant assumed that complainant would not make a serious effort to sustain the fire-test patent, and was thus misled; and,

*second,* the construction placed upon the patent by the defendant is the correct one, and the court should have taken this view, holding the patent void for want of novelty. Neither is sufficient. There would be no end to litigation if a party could obtain a new trial by the simple assertion that the conduct of his adversary's counsel upon the argument was different from what he had anticipated, and that he was surprised because the attack came from an unexpected quarter.

It will be observed that the defendant nowhere alleges that the complainant or his counsel said or did anything to mislead or to induce the belief that they did not intend to rely upon the fire-test patent. Neither can it be successfully maintained that defendant's mistake in this regard influenced it to relax its efforts. There is no pretense that evidence has been omitted or overlooked, that new proof could now be introduced, or that the defense could be strengthened in any way.

If it could be shown that the court had mistaken the facts, or manifestly misapprehended the law, it might be sufficient for a rehearing. But the fact that the defendant and his counsel think the decision erroneous is not enough, for unfortunately it seldom occurs that the court and the counsel for the unsuccessful party are in perfect accord in their views regarding the case. For errors in judgment ample remedy is provided by appeal.

I think I am correct in saying that no new proposition is now advanced. Every point was pressed upon the court with much learning and ability in an argument lasting over two hours, and was carefully considered before a conclusion was reached. The opinion then formed has remained unchanged. It was expressed not without hesitation. I thought it a doubtful case; I think so still. But I am also convinced that it is peculiarly a case where the doubt should be resolved in favor of the patent. Rehearing denied.