SWANN v. AUSTELL.

(District Court, N. D. Georgia. April 4, 1919.)

EQUITY ⬤═══392—REHEARING—GROUNDS.

    A motion for a rehearing in equity should show either newly discovered evidence, or some manifest misapprehension on the part of the court as to the law of the case, or some mistake as to the facts involved.

On rehearing. Denied.

For former opinion, see 253 Fed. 807.

Turner, Kennedy & Cats, of Knoxville, Tenn., and Anderson, Rountree & Crenshaw, of Atlanta, Ga., for movant.

C. T., L. C., & J. L. Hopkins and King & Spalding, all of Atlanta, Ga., for defendants.

NEWMAN, District Judge. This is a motion for a rehearing in a case heretofore heard and disposed of last October, and an opinion filed which is reported in 253 Fed. 807.

There is some difference between counsel as to how this motion for rehearing should come before the court, counsel for the plaintiff claiming that it is simply handed to the court, and a copy of the motion, and probably the briefs, served on opposing counsel, when they have an opportunity to file reply briefs on the merits, and the court takes the matter under advisement and disposes of it. Counsel on the other side have filed a motion to dismiss the petition for rehearing on the ground that it is simply a restatement, more elaborate, perhaps, of the argument made in the original hearing in the case, which was a bill in equity by the plaintiff, claiming, by the operation of law, to have inherited a considerable part of the estate of W. W. Austell, deceased.

I have examined the petition for rehearing, and especially the brief of counsel for plaintiff, which is very elaborate and well gotten up, but which simply makes the questions which were made in the original hearing before me, which was argued at length by able counsel for several days, and especially with a perfect knowledge of the case and perfect familiarity with the law of the case by counsel for the plaintiff.

⬤═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

As I have just stated, while it is considerably elaborated, there is nothing new in this motion for a rehearing. Every question made in it seems to have been passed upon by the court in disposing of the original case. There is not a single ground for rehearing which was not a ground presented for a right to a decree by counsel arguing the case originally. The matters are presented in a somewhat different way probably, certainly somewhat more thoroughly than they were in the original briefs and argument; but there is not a new proposition, so far as I can see, in the motion for rehearing, or one that was not presented in the original case, certainly not a ground which is to me meritorious.

It is well understood, of course, that a motion for a rehearing should show either newly discovered evidence or some manifest misapprehension on the part of the court as to the law of the case or some mistake as to the facts involved. Nothing of this sort appears, so far as I can see, in this well-prepared brief of counsel acting for the plaintiff, or in the oral argument before the court. As stated, it presents the same questions heretofore thoroughly argued and very carefully considered by the court.

One of counsel in the case, an able lawyer, was prevented from being present on this motion because of his having assumed public work as Solicitor General of the United States since the case was disposed of last year. This probably is not a ground for denying the application for rehearing, but is mentioned in connection with it to show how the defendants would be affected, especially those represented by him, by his inability to be here. On the whole, I do not think there is enough shown here to justify the court in entertaining the application for a rehearing.

In this connection I desire to state that in the opinion in this case (253 Fed. 807, 808), in speaking of the sale of the Decatur street end of the Trout House lot by the executors, I stated this:

"Immediately after the renunciation of the will and the taking of dower by the widow, the executors filed a bill in the superior court of Fulton county relating to the rights of the widow and the children in the 'Trout House' property, under which a verdict and decree was rendered in November, 1886, referring in terms to the entire 'Trout House lot,' including that which had been theretofore set apart as dower, holding that the widow had no interest in this property, and that the executors should sell same at public auction and divide the proceeds among the four children. In pursuance of said decree, however, the executors sold only that part of the property referred to which was not set apart as dower; that is, that part which fronted on Decatur street and ran back along North Pryor street about 140 feet, to an alley which separated this part of the Trout House lot from that which had been set apart as dower. No question is made here as to the residue of the estate, or any property belonging to the estate, except that set apart to the widow as her dower, as stated above."

My understanding of the matter, at the time of the original argument, was that it was so perfectly clear from the record, and from what the executors did in only selling the front part of the lot, it was understood that the rear part of the lot, or the Line street (now Edgewood avenue) end being included in the decree was an error or an inadvertence, and conceded to be by everybody. My attention has, how-

ever, been called to the fact that, while it was not, so far as I can recall, stressed in the argument, Gen. Anderson, in his brief originally filed here, referred to the matter and stated:

"It is res adjudicata that as to the Trout House lot the right of the children became immediately vested upon the renunciation by the widow, in the whole of the Trout House lot, including that part which was held as dower."

I had probably overlooked this, because the whole thing is immaterial, as it is perfectly clear from all the facts in the record and in evidence that this decree was not construed as affecting the widow's right to her dower in the rear end of the Trout House lot, and consequently no sale of it was made or any action concerning it taken under the decree. What I said may have been assuming too much, but it does not alter the fact that the verdict and decree was not acted upon or considered by anybody at interest as affecting the part of the Trout House lot in which the widow took dower.

The motion for a rehearing is denied.