## IRVIN v. BUICK MOTOR CO. et al.*
### No. 10755.

Circuit Court of Appeals, Eighth Circuit.
March 16, 1937.

*Writ of certiorari denied 57 S.Ct. 932, 81 L.Ed. —

George W. Sutton, of Washington, D. C. (George O'Neal Sutton, of Washington, D. C., and C. Clyde Myers, of Kansas City, Kan., on the brief), for appellant.

Drury W. Cooper, Jr., of New York City (Arthur Miller and Roscoe C. Van Valkenburgh, both of Kansas City, Mo., and Drury W. Cooper, of New York City, on the brief), for appellees.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

FARIS, Circuit Judge.

Appellant, who was plaintiff below, is the patentee and alleged owner of patent No. 1,481,962, "for improvements in Valve-in-Head Motors," in internal combustion engines, which patent was issued to him January 29, 1924.

Thereafter, about August 25, 1930, he brought the conventional action (local No. 1518 in equity) against appellees for the alleged infringement of the above patent and for an injunction, and an accounting of damages and profits. This patent suit was tried in the District Court of the United States for the Western District of Missouri, in August, 1933. On this trial appellant's counsel, as the trial court found, voluntarily limited the issues to infringement of claim 3 of the patent. The court, after a full hearing, found the issues against appellant herein and for appellees, and as a result of such finding entered a final decree, dismissing appellant's bill of complaint. The specific and only ground for such dismissal and decree was, as the trial court found, that the accused device, made and used by the appellees, did not infringe appellant's above-numbered patent; the court making no finding and entering no decree as to the validity vel non of appellant's patent.

To reverse such decree, appellant in due time and form sued out an appeal to this court, but pending a hearing on that appeal he later and in May, 1934, voluntarily came into court and dismissed it, and the mandate of this court, ordering the appeal to be dismissed, was sent down on May 2, 1934. 71 F.(2d) 1010.

Shortly thereafter, appellant filed in the same court in which the suit for infringement had been heard a bill of review (local No. 2558 in equity) in which he sought to set aside, annul, and cancel the final decree made against him in No. 1518, the original patent suit. The grounds for such cancellation and annulment as the bill set them out were newly discovered evidence, fraud of appellees in procuring the decree, and error appearing on the face of the record.

Later, this bill of review was in effect amended, and a new bill, denominated a bill in the nature of a bill of review, was filed. A motion to dismiss this amended bill in the nature of a bill of review, for lack of equity appearing on its face, was sustained by the trial court.

In May, 1935, appellant asked leave of the trial court (accompanied by a copy of a proposed amended bill of review) to plead over. In this amended bill of review, he alleged that he had been misled on the trial of the original patent suit (No. 1518) by

appellees and their counsel into relying upon claim 3 of his patent, as the sole basis of the infringement, instead of relying on claims 2, 3, and 4.

The latter bill he was in effect not allowed to file; first, because the trial court ruled that it constituted a departure, and, second, because the term, at which his former bill of review had been held .bad and dismissed, had lapsed.

Appellant sued out an appeal to this court both from the order holding his former bill insufficient, and the order denying him leave to file his last-mentioned amended bill. This appeal appellant voluntarily dismissed in this court, and a mandate of dismissal was sent down by this court on May 2, 1936. While the latter appeal was yet pending in this court and on July 5, 1935, appellant, without asking or obtaining leave of this court so to do, filed in the lower court the bill in the nature of a bill of review now involved in the appeal at bar.

Thereupon, appellant filed a motion for judgment on the pleadings and appellees' answer to certain interrogatories, and appellees filed their motion to dismiss appellant's third and latest bill in the nature of a bill of review, which, as said already, is now before us and presently involved. The trial court overruled appellant's motion for judgment on the pleadings and sustained appellees' motion to dismiss, and dismissed the bill and the proceeding. Thereupon appellant sued out this appeal.

■ The only question up for judgment herein is whether the bill in the nature of a bill of review of appellant states a cause of action, that is, whether conceding, as we must, that if every material and well-pleaded allegation of fact in it were admitted to be true, would a court in equity be warranted in setting aside and canceling the final decree entered in the original patent suit, No. 1518.

■ A bill of review is unlike an appeal, it does not lie as a matter of right, but the granting of it rests in the discretion of the court. Thomas v. Brockenbrough, 10 Wheat. (23 U.S.) 146, 6 L.Ed. 287. It is not designed to afford an opportunity to litigants to drag out litigation endlessly, or to furnish a field for the unnecessary expenditure of money in costs and solicitors' fees.

■ Ordinarily, there are but three grounds for which a bill of review is grantable. These are (a) an error in the decree, apparent on the face thereof; (b) newly discovered competent and relevant evidence, that could not with due diligence have been earlier discovered, and which when added to the evidence already adduced should probably modify the decree or produce a different result (Hill v. Phelps [C.C.A.] 101 F. 650; Acord v. Western Pocahontas Corp. [C.C.A.] 174 F. 1019); and rarely (c) for fraud in procuring the decree including fraudulently procured evidence and perjury, which were controlling in procuring the decree sought to be set aside (Armes v. Kimberly, 136 U.S. 629, 10 S.Ct. 1064, 34 L.Ed. 557). And in the latter situation it has been said that a bill in the nature of a bill of review must be resorted to. Dowagiac Mfg. Co. v. McSherry Mfg. Co. (C.C.A.) 155 F. 524. It is not all apparent errors which may be the subject-matter of a bill of review, but only such as are wrong on the pleadings, record, and decree, excluding the evidence. The decision of a court on issues of fact, in so far as they are bottomed on the evidence adduced, is conclusive on a bill of review (Whiting v. Bank of United States, 13 Pet. 6, 10 L.Ed. 33; Nickle v. Stuart, 111 U.S. 776, 4 S.Ct. 700, 28 L.Ed. 599), and so if the decree was merely erroneous, when the law is applied to the evidence, recourse must be had for correction to an appeal. If the bill in the nature of a bill of review is bottomed on newly discovered evidence, and designed to modify or reverse a decree based on the mandate of an appellate court, leave of the appellate court permitting the bill to be filed must be antecedently had. Hagerott v. Adams (C.C.A.) 61 F.(2d) 35; Southard v. Russell, 16 How. 547, 14 L.Ed. 1052; Omaha Electric Light & Power Co. v. Omaha (C.C.A.) 216 F. 848, 853. No such leave was asked or granted in the case at bar.

■ We have read and read again the bill before us, so as to ascertain with precision, if possible, the grounds on which appellant relies as entitling him to an annulment and cancellation of the original decree. Regrettably, the bill is filled and choked with epithets, adjectives, and expletives, largely to the exclusion of definite and clear-cut allegations. In all its verbiage we have been unable to eke out but two charges, or alleged grounds for this bill. One of these is that in the course of the trial there was a stipulation made to limit the issues on such trial to the single question whether or not appellees' accused device infringed

claim 3 of appellant's patent. In order to make clear that this allegation does not constitute any certain or definite charge of fraud on appellees' part, we quote it in full from the bill:

"That the stipulation to limit the patent to claim 3 alone was a mistake, inadvertently and improvidently made in Equity Case No. 1518, and complainant believes an imposition by defendant and defendant's expert, to thereby limit and obtain a narrow interpretation and a misconstruction of patent in the case as a machine, which misconstruction was followed by the court, instead of the process and method invented by the patentee as shown and read in the light of the specifications drawings, and claims 2, 3 and 4 of letters patent."

The above language means, if it means anything, that appellant's solicitors mistakenly, inadvertently, and improvidently made a stipulation limiting the issues to claim 3. But that appellant believes it was "an imposition by defendant and defendant's expert to thereby limit and obtain a narrow interpretation and a misconstruction of patent in case as a machine." And that that misconstruction was followed by the court, who was thus led, in effect, to regard and construe appellant's patent as a machine or mechanical patent, instead of a "process and method" patent, as the court would have done if it had had before it for judgment claims 2, 3, and 4.

Obviously, the allegation quoted above from the bill falls far short of an averment that the making of the stipulation was brought about by any named fraudulent act or machination of appellees. The allegation does not even rise to the stature of a conclusion. It was the pleader says he "believes an imposition," but he nowhere avers how it was wrought, that is, what words or acts of appellees or their minions induced the making of the stipulation. In passing, and while not relevant to any present discussion, it is interesting to note that the trial court in his memorandum opinion finds that this limitation of the issues to claim 3 "was voluntary (on appellant's part), it was not even by stipulation." Moreover, the conclusion drawn by the pleader as to the ultimate effect of it upon the court is obviously erroneous. It is urged that it induced the court to find and believe that the patent then in suit was a mechanical patent, whereas the appellant contends it was a patent for a

"process and method." If the court so concluded, the court was clearly correct. Not only has this patent every earmark of a mechanical patent, but on its face it so names itself. It is characterized and named in terms, as describing new and useful "improvements in Valve-in-Head Motors." The figures in the drawings disclose a machine with mechanical parts. It pumps and distributes oil to the working and wearing parts of an internal combustion engine; and this pumping and distribution of oil is accomplished "by an overhead valve actuating camshaft," with rockers having valve fingers between the valve stems and the cams of the camshaft. The oil is forced out as needed through an orificed oil feed tube, arranged in overhead relation with the camshaft. Moreover, the application of one Sage for a patent describes his invention as being for improvements in "Internal Combustion Engines"; this application of Sage, appellant avers, describes an invention "substantially identical to that shown in complainant's patent." So, if the inquiry as to the nature of the patent be at all relevant here, and we think it is not, it seems too plain for argument to the contrary that both appellant and the Patent Office correctly named his invention a machine, or mechanical patent.

The other ground on which appellant bottoms his right to maintain a bill of review, as for fraud practiced by appellees, is that of newly discovered evidence, hidden from his discovery, at the time of the trial, by the alleged fraud of appellees. This evidence is, that some ten years before the original patent suit was tried, to wit, on December 26, 1923, one Sage (mentioned already), induced thereto by one of the appellees, filed in the Patent Office an application for a patent for a pressure feed oiling system, "the same (as appellant alleges in his bill) being substantially identical to the invention and discovery made by complainant." Of this fact and of the details of the Sage application appellant did not know, when in 1933 his original suit for infringement was tried. He avers that appellees hid behind the secrecy obtaining as to the records of pending applications in the Patent Office, and did not inform him as to this application made by Sage, so that he might obtain and use the same on the trial, and that if he had known of the application and its details of operation, and so could have used it as evidence on the trial, it would have served to estop appellees from setting up noninfringement,

and would have afforded conclusive proof thereof.

Here again, there is no charge of fraud of appellees' concoction. The charge is merely that appellees knew of this application having been made, but failed to advise appellant of it and of its details before, or at the trial of the suit for infringement. No duty was incumbent on appellees to inform appellant at the trial that some ten years before the trial Sage at their behest had made an abortive effort to obtain a patent for a similar device. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 423, 43 S.Ct. 458, 464, 67 L.Ed. 719. It further appears in the bill of review before us that the application of Sage for a patent was abandoned by him after the Patent Office had rejected every claim in it, on the prior art, and he never got a patent, while appellant, whose application was copending with that of Sage, was granted a patent on January 29, 1924.

There were, as is conventional, set up by the appellees in the original patent infringement suit (No. 1518) two defenses, (a) that the patent was invalid, because it was anticipated by the prior art, and (b) that the accused device of the appellees did not infringe appellant's patent. The trial court found and decreed that there was no infringement. So finding, he properly deemed that no necessity existed, for going further and passing on the validity of appellant's patent, and he therefore refrained from doing so, and thereby he followed the usual, better, and wiser practice, and thus left the legal status of the appellant's patent as he had found it, clothed with the presumption of validity arising from the fact of the grant.

Newly discovered evidence, in order to move a court in granting a new trial, or in sustaining a bill in the nature of a bill of review, must be competent and relevant to the issues and such, and of such weight and nature, as that if added to the evidence already in the case would reasonably and probably serve to change, or reverse the judgment or decree attacked. It seems clear that the alleged newly discovered facts that Sage, an employee of appellee General Motors Corporation, was induced by it to file in 1923 an application for a patent for a pressure feed oiling system for internal combustion engines; that the fact of such application was kept from appellant, perforce the rules of secrecy of the Patent Office; that Sage abandoned

prosecution of his application, when each of his claims made in his application had been rejected on the prior art; and that appellees did not before or at the trial confide any of the above information to appellant, do not constitute either fraud or estoppel; nor do they tend to prove that the device made and used by appellees in 1930, when the infringement suit was begun, infringed the patent of appellant. He needed no more evidence of validity; the court assumed it, and the presumption as to the validity of it still exists.

The right to apply for a patent is free and open to all persons, and estoppel may not be attributed to the fact of such application, and this is true even if it be conceded arguendo that some of the claims of the Sage application, read on appellant's patent. In the latter event, the facts would not even have estopped the appellees from setting up as they did, or even from proving, as they did not, the invalidity of appellant's patent. Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 477, 55 S.Ct. 449, 455, 79 L.Ed. 997; Haughey v. Lee, 151 U.S. 282, 285, 14 S. Ct. 331, 332, 38 L.Ed. 162.

In the case of Haughey v. Lee, supra, the Supreme Court said:

"Whether or not there is any inconsistency in trying at one time to get a patent for a supposed invention, and in afterwards alleging, as against a rival successful in obtaining a patent, that there is no novelty in the invention, it certainly cannot be said to constitute an estoppel. Besides, the defense of want of patentable invention in a patent operates, not merely to exonerate the defendant, but to relieve the public from an asserted monopoly, and the court cannot be prevented from so declaring by the fact that the defendant had ineffectually sought to secure the monopoly for himself."

It seems quite obvious that if this alleged newly discovered evidence had been offered in the trial of the original infringement suit, it would have had no earthly tendency to prove the only issue, namely infringement, vel non, which was decided in that case, and if we add this evidence to the case now, the result would be the same. Infringement ordinarily is present when one person makes, uses, or vends a patented device or article, not when the user, maker, or vendor makes an effort to obtain a patent, for a similar, or even an identical device or article, and

952

ordinarily infringement is to be found and decreed only when on a comparison of the accused device, or article made, used, or sold, with the claims of the patent in suit, a substantial identity is found to exist in components, or their equivalents, and in function and result.

We have gone with all the care of which we are able, over the grounds on which appellant bases his alleged right to a bill in the nature of a bill of review, and a careful analysis of them leaves us convinced that the conclusion reached by the trial court was correct. There may have been grounds for an appeal; that question we cannot reach here; indeed an appeal was taken and dismissed; but if there were such, and about that we hazard no opinion, these grounds are beyond the reach of a bill in the nature of a bill of review.

It results that the judgment of the court nisi, dismissing the bill and the proceeding, should be affirmed and so we order.