## PIONEER PAPER STOCK CO. v. MILLER TRANSPORT CO. et al.

Civil No. 47–51.

United States District Court
D. New Jersey.

Jan. 6, 1953.

John K. I. Walsh, Trenton, N. J., Horace G. Brown, Camden, N. J., Thomas F. Connery, Jr., Camden, N. J., for plaintiff.

Alex. P. Schuenemann, 3rd, Camden, N. J., for defendants.

MADDEN, District Judge.

This is an action as a result of a collision between vehicles owned respectively by the plaintiff and defendant and operated and controlled by their respective servants and employees. Plaintiff, Pioneer Paper Stock Co., hereinafter called Pioneer, brought suit for damages to its tractor-trailer, together with its cargo, against Miller Transport Co., hereinafter called Miller, the owner, and Henry Rickert, the driver of the other tractor-trailer, for damages to its tractor-trailer and cargo as a result of the collision. Miller entered counterclaim for the damages to its tractor, together with damages to the tractor of one Vogel, which it was operating and for which it felt it was the subrogor. (The cargo of this trailer was owned by Proctor & Gamble and was the subject of a different suit, Civil No. 894–51, and is not presently before this Court upon this motion.)

The matter was tried to the Court without a jury, together with Civil Action No. 894–51, and upon conclusion the Court rendered judgment as follows:

(a) That the defendant Miller, through its agent and servant, Rickert, under all the facts and circumstances was guilty of negligence.

(b) That the plaintiff Pioneer, through its agent and servant, under all the facts and circumstances was not guilty of contributory negligence.

(c) That Miller was responsible to Pioneer for damages.

Application has been made to the Court for a new trial upon two grounds, namely:

(a) Newly discovered evidence.

(b) That the verdict of the Court as the trier of the facts was against the weight of the evidence.

Dealing with these matters in order we discuss firstly the question of newly discovered evidence. Defendants offer the original photograph, smaller in size than that introduced into evidence as an exhibit at trial, of the two tractor and trailer rigs here involved, the point being pressed that the lights of defendant's vehicle appear clearly to have been lighted, and not merely contained of mere "reflective" surface from the flash bulb of the photographer's camera, as found by the Court. A view of the original photograph impels no such conclusion. For while it depicts both vehicles in flame with a portion of the highway immediately before the camera well lighted, at or about the time of impact, it also discloses that the portion of the highway immediately adjoining the defendant's tractor is in varying degrees of darkness, and so also, the shoulder of the road immediately in front of the tractor. The small gleams of light on the headlamps of the tractor in question are not such as to insure compelling evidence of their having been lighted at the moment of impact; such a proposition, as advanced by the defendants, is merely argumentative and cumulative evidence at best of a fact finding already determined by the Court, and if accepted as offered would not be conclusive that the lights on the rear end of the trailer were lit for there was testimony that these lights were controlled by separate switches on different circuits.

Even assuming this evidence to fall within the category of "newly discovered" evidence, a classification about which the defendants themselves experience and express some doubt, and it is to be noted, not without reason, it is not such evidence of fact as would clearly displace or convert the findings of the Court already arrived at, so as to effect a substantial alteration of such findings and conclusions of law. Wulfsohn v. Russo-Asiatic Bank, 9 Cir., 1926, 11 F.2d 715; Irvin v. Buick Motor Co., 8 Cir., 1937, 88 F.2d 947, certiorari denied 301 U.S. 702, 57 S.Ct. 932, 81 L.Ed. 1357, rehearing denied 302 U.S.

504

773, 58 S.Ct. 6, 82 L.Ed. 599. And as was stated in the Irvin case, ante, 88 F.2d at page 951:

> "Newly discovered evidence, in order to move a court in granting a new trial, or in sustaining a bill in the nature of a bill of review, must be competent and relevant to the issues and such, and of such weight and nature, as that if added to the evidence already in the case would reasonably and probably serve to change, or reverse the judgment or decree attacked."

The evidence offered by defendant is not of such a nature as would probably produce a different result than that already reached. It is merely cumulative and relates to a subordinate or specific fact, to which proof was before adduced of a like character, and does not relate to a new fact pertaining to the general question or point in issue.

In advancing their principal argument in support of their motion for a new trial, the defendants contend that the verdict was against the weight of the evidence respecting the element of contributory negligence on the part of the plaintiff. In support of this proposition, defendants offer no more than a mere "pointing up", or re-emphasis, of the testimony of a particular witness whose testimony, together with all the evidence, has already been heard, weighed and passed upon by the trial judge, as well as the demeanor of the witnesses observed at the time of trial when presentation of fact was more clear, and not obscured or diluted by the passage of time, dangerous dependence on memory or subsequent scruples about findings of fact and conclusions of law being metaphysically certain.

■ In non-jury actions, where the trial judge presides over both the facts and the law, he may grant a new trial on motion of a party, only where he finds either an error of law or an error of fact on the face of the record. Irvin v. Buick Motor Co., 8 Cir., 1937, 88 F.2d 947, 949. But the error must be a manifest misapprehen-

sion of the law or mistake of fact. Everest v. Buffalo Lubricating Oil Co., C.C.N. D.N.Y.1884, 22 F. 252; Swann v. Austell, D.C.N.D.Ga.1919, 257 F. 870, affirmed 5 Cir., 261 F. 465, certiorari denied 1920, 252 U.S. 579, 40 S.Ct. 344, 64 L.Ed. 726.

■ Additionally, the principle of law that the Court must view the evidence and testimony, and the inferences reasonably deducible therefrom in the light most favorable to the party against whom the motion for a new trial is made is well established.

■ The ultimate test as to whether or not a trial court has mistakenly exercised its discretion is not whether another judge or a court on appeal might reasonably reach a different result, but whether the action of the trial court was reasonable and based upon substantial and legally sufficient evidence then before it. Dunlap v. U. S., D.C., 43 F 2d 999, appeal dismissed, 9 Cir., 45 F.2d 1021; Southern Pacific Co. v. Guthrie, 9 Cir., 1951, 186 F.2d 926 and numerous authorities.

■ Judge Lindley, of the District Court for the Northern District of Illinois, uses language which is clearly dispositive of the motion before this Court both on reason and principle, in the case of Stewart-Warner Corp. v. Levally, 16 F.Supp. 778, at page 779:

> "Defendant's first premise is the alleged discovery of additional material evidence; its second, alleged error by the court in its findings, conclusion and decree. Defendant's action in the latter respect is equivalent merely to an attempt to reargue issues previously determined, after a voluminous record had been made and full and complete briefs and arguments submitted. Such practice is not to be encouraged, for, if a court has once rendered its best efforts to arrive at proper solution of questions submitted, upon complete presentation, it should not be subjected to a demand to consider the same again. Otherwise, litigation would never end; 'suits would become immortal, and the decision be postponed

indefinitely.' Jenkins v. Eldredge, Fed.Cas. No. 7,267, 3 Story, 299, 305 (Story, J.)."

The application by motion of the defendants for a new trial should be, under the above authorities, and is hereby denied.