**Robert H. HIEGER, and Robert H. Elliott, Plaintiffs-Appellants,**

v.

**FORD MOTOR COMPANY, Defendant-Appellee.**

Nos. 74–2070, 74–2071.

United States Court of Appeals, Sixth Circuit

June 3, 1975.

---

Robert H. Hieger, in pro per.

Robert H. Elliott, in pro per.

Robert E. McCollum, Dearborn, Mich., George N. Hibben, Hibben, Noyes & Bicknell, Chicago, Ill., for defendant-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

PHILLIPS, Chief Judge.

U.S.Patent No. 3,026,900 was issued to Robert H. Hieger on March 27, 1962. This action was filed by the owners of the patent against Ford Motor Company, charging infringement. Ford denied infringement and also challenged the validity of the patent. In comprehensive

findings of fact the District Court found non-infringement. The patent was adjudged to be valid in the following single sentence: "Based on the presumption of validity, the patent is valid."

The owners of the patent appeal from the finding of non-infringement. Ford cross-appeals, contending that the District Court did not inquire fully into the validity of the patent on the issues of anticipation and obviousness, and that there should be no adjudication of validity in this situation. Ford contends that the judgment of the District Court on the issue of validity should be reversed.

We affirm the finding of non-infringement and vacate the judgment as to the validity of the patent.

■ The Hieger patent discloses a bent spring wire clip used in the assembly of automobile carburetors. The specific shape of the clip and the method of installation which is made possible by the clip are the two allegedly novel features of the invention. The accused devices are bent spring wire clips and are used by Ford Motor Company to join the same carburetor components as in Hieger. The District Court carefully compared the limits of the Hieger claims with the shape and method of installation of the accused devices, and made the following findings:

> None of the accused Ford retainers infringe any of the claims of the Hieger patent either literally or in substance.
>
> (a) None of the accused Ford retainers comes within the literal language of the Hieger patent claims.
>
> (b) There is no real identity of means, operation and result between the accused retainers and the retainer defined by the Hieger patent claims.
>
> (c) The accused retainers omit a structural element of the claim because they do not have legs depending from the central portion of a U-shaped clip but, in contrast, are provided with hooked ends for gripping engagement with the float shaft.
>
> (d) The accused retainers do not respond to the functional limitations of the claims which serve to define a structure having the claimed function. The accused retainers are not so "arranged and dimensioned" that they are installed by defendant in a carburetor float bowl by first positioning the back of the retainer in the groove of the valve seat and then by pivoting the retainer about said valve seat to cause the free ends of the retainer to move over the shaft grooves into holding position as required by the claims. As a matter of practical and acceptable assembly line and service procedure, the accused Ford retainers are incapable of being installed in carburetor float bowls in the manner defined by the functional limitations of the Hieger patent claims.
>
> (e) While the accused retainers, like the patented Hieger clip and the prior art Ford retainers, accomplish a similar result, namely, holding down the float shaft and locking the float in the float bowl, the accused retainers do not infringe because they accomplish that old hold-down function by a substantially different means, by a substantially different mode of operation and by a substantially different method of assembly and installation than the patented Hieger clip.
>
> (f) None of the accused Ford retainers is an equivalent of the patented Hieger clip.

Our review of the record convinces us that these findings are not clearly erroneous, Fed.R.Civ.P. 52(a), but to the contrary are supported by substantial evidence.

■ Ford pleaded the defense of invalidity in its answer to Hieger's complaint, on the issues of anticipation, 35 U.S.C. § 102, obviousness, 35 U.S.C. § 103, and vagueness, 35 U.S.C. § 112. The findings of the District Court reflect only a limited inquiry into the factual basis of these issues. The adjudication on this issue appears to be based entirely on the statutory presumption of validity.

35 U.S.C. § 282. In our opinion this finding is an inadequate basis for a determination of validity, and the judgment of the District Court must be vacated insofar as the patent is declared to be valid. Our action in no way impugns either the validity or invalidity of the patent. We simply vacate the express finding of validity. The effect of our opinion as to Ford's cross-appeal is to leave the question of the validity of the patent unadjudicated.

■ In an infringement action where the validity of a patent is made an issue, the District Court should make a full inquiry and adequate findings of fact on the issue of validity, even though there is an ultimate finding of non-infringement. In Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 1145, 89 L.Ed. 1644 (1945), the Supreme Court said:

> There has been a tendency among the lower federal courts in infringement suits to dispose of them where possible on the ground of non-infringement without going into the question of validity of the patent. Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 951; Aero Spark Plug Co. v. B. G. Corp., 2 Cir., 130 F.2d 290; Franklin v. Masonite Corp., 2 Cir., 132 F.2d 800. It has come to be recognized, however, that of the two questions, validity has the greater public importance, Cover v. Schwartz, 2 Cir., 133 F.2d 541, and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent.

■ It is now well recognized that an invalid patent is a blight on "the important public interest in permitting full and free competition in the use of ideas which are in reality a part of the public domain," Lear, Inc. v. Adkins, 395 U.S. 653, 670, 89 S.Ct. 1902, 1911, 23 L.Ed.2d 610 (1969), and should be expunged whenever the issue can be reached. In fairness to the public and the patentee, a full inquiry is required. For example, when a question of obviousness is raised, as in the present case, the District Court should make the express factual findings as required by Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and reiterated by this court in Kolene Corp. v. Motor City Metal Treating, Inc., 440 F.2d 77, 81 (6th Cir.), cert. denied, 404 U.S. 886, 92 S.Ct. 203, 30 L.Ed.2d 169 (1971), before proceeding to the conclusions of law. Although the District Court in the present case did determine to some degree "the scope and content of the prior art," it did not resolve the "differences between the prior art and the claims at issue" or "the level of ordinary skill in the pertinent art." These are "basic factual inquiries," Graham, supra, 383 U.S. at 17, 86 S.Ct. 684, that must be considered prior to making an adjudication of obviousness or non-obviousness. When specific grounds of attack on the validity of a patent are asserted, findings of fact on these issues should be made by the District Court. In such a situation, an adjudication of validity should not be made on the sole ground of the statutory presumption, without the necessary underlying findings of fact.

■ In other situations we might remand the case to the District Court with directions to supplement the deficient findings of fact. Under the facts and circumstances of the present case, however, we conclude that a remand is not necessary. This record seems to indicate that the Hieger patent has experienced little or no commercial success. Hence, a lengthy trial on the issues of validity of this patent may not be in the public interest. It is sufficient to vacate the finding of validity. We leave the issue of the validity of the patent in the same status as if this litigation had never been filed.

The judgment of the District Court is affirmed except as to the adjudication of the validity of the patent. The judgment of validity is vacated.

In its cross-appeal Ford contends that the District Court erred in not awarding costs to it. We decline to award costs in the District Court. Costs in the Court of Appeals are taxed against appellants.