**Anne D. NICKOLA, Plaintiff,**

v.

**Kenneth PETERSON, d/b/a Kaydee Products Company, Defendant.**

**Civ. A. No. 634.**

United States District Court, E. D. Michigan, S. D.

March 5, 1976.

Gifford, Chandler & Sheridan, Birmingham, Mich., Charles W. Chandler, Livonia, Mich., for plaintiff.

Learman & McCulloch, John K. McCulloch, Saginaw, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

This is a patent case with a pendent claim for wrongful use of trade secrets. Following the close of the evidence, defendant moved the Court for a directed verdict in his favor as to all factual issues relating to both counts. This motion was denied. The jury returned a general verdict for defendant on the trade secrets count. The issues regarding the patent claim were submitted to the jury in the form of a special verdict with fifteen numbered interrogatories. The Jury found the patent claims to be valid and infringed and awarded plaintiff damages in the sum of $6,230.00.

Defendant has filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial, Federal Rules of Civil Procedure, 50 and 59. Defendant claims that there is no evidence to support the jury's findings of patent validity and infringement and also claims that the jury could not reasonably have found damages in the amount of $6,230.00.

Oral argument was originally requested by defendant in this matter but later was orally waived by both parties. Pursuant to Rule IX(j), Local Rules For the United States District Court for the Eastern District of Michigan, the Court will decide the matter without oral argument.

The patent claims in question are claim no. (4) and claim no. (21) of Reissue Patent No. 27,400, issued June 20, 1972. Both of these claims describe a combination of a pole, an electric meter, an electric power box, and a gas meter. The patent claims are set forth with more particularity in the footnote below.[1]

The patented device is marketed under the name of Power Pack Pedestal. The merit of the Power Pack Pedestal is that it provides one complete utility servicing station for individual mobile homes and trailers. All utility wires after being run underground to the pedestal are run up the inside of the pedestal to the electric meter and power outlets. A gas meter is attached to the side of the pedestal which connects up with the underground gas pipes. The total result is reflected

---

1. The elements of claim no. (4) of Reissue Patent No. 27,400 are:

    1. An elongated post mounted in an upright position;
    2. An electrical meter and an electrical power box mounted on the upper end of said post on opposite sides thereof;
    3. A heating fuel metering means mounted to said post below said electrical meter and said electrical power box.

The elements of claim no. (21) of Reissue Patent No. 27,400 are:

    1. An elongated post mounted in an upright position;
    2. An electrical meter and an electrical power box mounted to said post;
    3. Electrical wires extending upwardly along said post and electrically connected to said meter;
    4. An electric wire connected to and extending from said power box;
    5. A heating fuel metering means mounted to said post.

in the following picture taken from plaintiff's exhibit number 69.[2]

In order to be patentable, any claimed invention must satisfy the requirement of "novelty." This requirement is the *sine qua non* of patentability. 35 U.S.C. § 101. Since plaintiff does not claim to have invented either the gas meter, the electric meter, or the electric power box, but claims to have invented the combination of those elements in her Power Pack Pedestal, the element of novelty if such there is must reside in the combination of those elements. *Anderson's Black Rock, Inc. v. Pavement Salvage Co.,* 396 U.S. 57, 90 S.Ct. 305, 24 L.Ed.2d 258 (1969).

The issue of novelty was submitted to the jury in interrogatories numbers 2. and 5. The jury by answering "yes" to each found that patent claim no. (4) and

2. *Excerpt of Plaintiff's exhibit no. 69:*

Recommended location of Power Pack Pedestal on off door side of mobile home.

Power Service Cable.

Telephone junction box, with service wire.

T.V. Jack Mount

Recommend use of approved shut off valve be placed on supply line to consumer, from meter.

Ground connection should be made to ground rod or metal water pipe. Extend enough ground wire to complete bond to metal siding.

Ground wire continues down through Pedestal Post.

Power Pack Pedestal mounting plate.

Weatherproof service panel attaches on front of pedestal mounting plate. Meter socket reverse side.

Identification numbers can be installed with decals or painted.

Gas meter and cover. As furnished by utility company.

Front plate detaches for easy accessibility.

*Depth mark on Power Pack Pedestal indicates ground level. 42" above ground plus Pedestal top plate.

Gas service pipe to meter.

Underground telephone wire entrance.

Underground T.V. cable entrance.

* Install Power Pack Pedestal in ground to depth mark. No cement necessary. 54" below ground.

Install nylon grommet strip to protect telephone and T.V. service wire.

* This dimension may vary to your requirements.

patent claim (21) both satisfied the novelty requirement. In viewing the evidence in the light most favorable to plaintiff, and drawing all reasonable inferences in her favor, the Court finds the conclusions of the jury to be unwarranted.

■■ Although a patent is presumptively valid, this presumption has no independent evidentiary weight. *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708 (CA 6, 1975). Since the Court finds no evidence from which a jury could reasonably conclude that the novelty requirement of 35 U.S.C. § 101 was satisfied and substantial evidence that it was not satisfied, defendant's motion for judgment notwithstanding the verdict will be granted. *Gillham v. Admiral Corp.,* 523 F.2d 102 (CA 6, 1975).

The evidence produced at trial shows that there is nothing in either claim no. (4) or claim no. (21) of Reissue Patent No. 27,400 which warrants the protection of the patent laws. The testimony of plaintiff was to the effect that the gas meter, the electric meter, and the electric power box function in precisely the same manner when installed as parts of the Power Pack Pedestal as when mounted independently. Plaintiff does not claim that the elements do produce a new or different result and it is plain that no such result was even intended. Plaintiff produced the pole and internal wiring for the pole, and provided braces on which the utility companies would then install ordinary gas and electric meters, which were meant to operate in the same manner when installed as any other meter.

While the combination of the two meters and electric power box on one pole is a matter of great convenience for the mobile home user, as is evidenced by the commercial success of the claimed invention, the combination of these admittedly old elements does not produce a new synergistic whole greater than the sum of the results produced by the individual elements operating separately.

The Supreme Court considered a very similar fact situation in *Anderson's Black Rock, Inc. v. Pavement Salvage Co., supra.* In finding the patent there under consideration to be invalid for lack of invention, the Court noted that the addition of a well known radiant heat burner to the side of a standard bituminous paver added nothing to the function of either, the Court stated:

"The combination of putting the burner together with the other elements in one machine, though perhaps a matter of great convenience, did not produce a "new or different function," *Lincoln Co. v. Stewart-Warner Corp.,* 303 U.S. 545, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008 [1010], within the test of validity of combination patents." 396 U.S. at 60, 90 S.Ct. at 307, 24 L.Ed.2d at 261.

■ The Court went on to state that commercial success, without invention, will not make patentability. See *Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp.,* 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162, 167 (1950); *Phillips Industries, Inc. & Mobil Temp, Inc. v. State Stove & Manufacturing Co.,* 522 F.2d 1137 (CA 6, 1975).

Plaintiff claims that the requirement of novelty is satisfied by the arrangement of the meters and the power box on the pedestal. For purposes of this argument, plaintiff abandons patent claim no. (21), which specifies only that the power box, electric meter, and fuel meter be mounted anywhere on a post, and addresses claim no. (4). This claim requires the gas meter to be mounted below the electrical meter and the electrical power box. Plaintiff claims that the reason for this limitation is that the amount of exposed gas tubing between the ground and the meter is minimized, thereby reducing the risk of accidental severance. Plaintiff claims that the novelty requirement is also satisfied because the meters and power box are unsafe when such are not mounted on a post.

While the Court agrees with plaintiff that these are salient safety considerations which any manufacturer would do well to heed, the Court is of the opinion that these do not satisfy the novelty requirement of 35 U.S.C. § 101.

The determination of novelty for combination inventions does not turn on whether the old elements are arranged in a new manner which serves some useful function but on whether the function produced by that arrangement is itself new. As stated by the Supreme Court in *Anderson's Black Rock, Inc. v. Pavement Salvage Co.*, 396 U.S. at 62, 90 S.Ct. at 308, 24 L.Ed.2d at 262:

> "We conclude that while the combination of old elements performed a useful function,[4] it added nothing to the nature and quality of the radiant-heat burner already patented."

In footnote 4 of the above quotation, the Court referred to the requirements of 35 U.S.C. § 101 and stated in regards to the claimed combination invention:

> "Absent here is the element 'new.' For as we have said, the combination patent added nothing to the inherent characteristics or function of the radiant-heat burner."

Likewise, this Circuit has recently restated the rule that every element of a combination invention must cooperate to produce a new result in order for there to be novelty within the meaning of 35 U.S.C. § 103. *Phillips Industries, Inc. & Mobil Temp, Inc. v. State Stove & Manufacturing Co., Inc.*, *supra*. The uncontroverted evidence before the Court is that there is no cooperation between the elements in plaintiff's claimed invention and that no cooperative result is produced other than the sum of the independent functions of those elements. Accordingly, the patent claims in issue will be held invalid for lack of novelty. 35 U.S.C. § 101.

Since the combination of old elements in plaintiff's claimed invention does not produce any novel result, it is plain that the result produced fails to satisfy the non-obviousness requirement of 35 U.S.C. § 103. *Anderson's Black Rock, Inc. v. Pavement Salvage Co.*, *supra; Dickstein v. Seventy Corp.*, 522 F.2d 1294 (CA 6, 1975).

For purposes of review, though, the Court will address the issue of obviousness as if plaintiff's claimed invention did satisfy the novelty requirement of 35 U.S.C. § 101.

The standards for determining obviousness under 35 U.S.C. § 103 were established by the Supreme Court in *Graham v. John Deere Co.*, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966), and reiterated by this Circuit in *Bolkcom v. Carborundum Co.*, 523 F.2d 492, 500 (CA 6, 1975):

> "Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented."

Applying these standards to the evidence produced at trial, the Court finds that a jury could not reasonably have concluded that either of the claimed inventions set forth in claims nos. (4) and (21) of plaintiff's Reissue Patent would have been non-obvious to a person of ordinary skill in the art. From plaintiff's testimony, it is plain that the mounting of both electric meters and gas meters on posts was the established practice prior to her claimed invention. Part of the prior art was the combination of an electric meter and electric power box on one post, as was constructed by Mr. Boyle in an unpatented form since 1962, which is prior to the date of plaintiff's claimed invention. It was also common practice to mount more than one electric meter on a post, as is shown by the statements in plaintiff's original patent, no. 3,502,785, issued March 24, 1970.

The only difference between plaintiff's claimed invention and the prior art is that plaintiff's device mounted an electric and a fuel meter with a power box

on a post rather than many electric meters or just an electric meter and a power box.

From the state of the prior art it is clear that it was obvious to a person of ordinary skill in the art that a post could be made to support both a gas and an electric meter. The only issue over which there was dispute is whether it was known that the two meters could be safely mounted together.

Mr. Boyle testified in this regard that he thought that the presence of gas and electricity in close proximity was unsafe.

Whether persons of ordinary skill in the art disagree as to the safety of a product or techniques does not determine the issue of obviousness. The issue regarding obviousness is whether the differences embodied in a combination product and the result so produced would have been non-obvious to a person of ordinary skill in the art, not whether there was a controversy over whether such was safe. *In Re Jansen*, 525 F.2d 1059 (Cust. & Pat.App., 1975).

Accordingly, it is clear that a person of ordinary skill in the art would have known that a gas meter, electric meter, and electric power box could all be mounted on the same post. Whether such was a safe practice or not is a different issue. Turning to plaintiff's patent claims to measure the extent of plaintiff's claimed invention, as this Court must do, *Phillips Industries, Inc. & Mobil Temp., Inc. v. State Stove & Manufacturing Co., Inc., supra,* the Court finds that the only safety feature embodied in plaintiff's invention is the placement of the gas meter beneath the electric meter and electronic power box. In this respect, the Court finds that it would have been obvious to a person of ordinary skill that the gas meter could be placed lower on the post and that such placement would result in minimizing the amount of exposed gas tubing between the ground and the gas meter. Other than this, the arrangement set forth in patent claims no. (4) and (21) show nothing to resolve any difficulties resulting from electric lines and gas tubing being in proximity.

Although commercial success may be considered in determining obviousness, commercial success is of no significance in resolving this issue in the present case. Plaintiff testified that when she first developed her product, mobile home parks did not receive piped-in natural gas. Moreover, the use of her product was also dependent on the placing of the electrical utility wires underground. Thus, the product was not a response to long felt but unsolved needs but anticipated needs which had not yet been realized. The commercial success of the product is accounted for by plaintiff's patent monopoly and the introduction of underground wires and piped natural gas to mobile home parks.

Since the Court finds no evidence on which a finding of non-obviousness could be based, the Court will grant defendant's motion for judgment notwithstanding the verdict on interrogatories number (3) and number (6). In these interrogatories, the jury had answered that a person of ordinary skill in the art would have considered the result produced by the claimed combination inventions to be unusual and surprising.

In sum, the Court finds contrary to the determinations of the jury that the patent claims at issue are invalid both for lack of novelty and because of obviousness. Although the Court is reluctant to set aside the determinations of a jury, the Court recognizes that patent validity is primarily a question of law. *Dickstein v. Seventy Corp.*, 522 F.2d 1294 (CA 6, 1975); *Monroe Auto Equipment Co. v. Heckethorn Manufacturing & Supply Co.*, 332 F.2d 406, 411 (CA 6, 1964). In determining the issue of validity, the Court is bound to scrutinize patented combinations of old elements with special care due to the improbability of finding a patentable invention in an assembly of old elements, *Phillips Industries, Inc. & Mobil Temp., Inc. v. State Stove & Manufacturing Co., Inc.*, 522 F.2d 1137 (CA 6, 1975); and

because of the "blight" on free commerce which is imposed by an invalid patent. *Heiger v. Ford Motor Co.,* 516 F.2d 1324 (CA 6, 1975).

Accordingly, the jury's answers to interrogatories numbers 2, 3, 5, and 6 will be set aside and the patent claims declared invalid.

■ Having found the patent claims to be invalid, the Court finds it unnecessary to address the other issues raised by defendant in his motion for judgment notwithstanding the verdict other than to set aside the damages awarded for infringement. Since the patent claims in issue are invalid, the plaintiff cannot recover for any infringement. *Dickstein v. Seventy Corp.,* supra.

Accordingly, the answer to interrogatory no. 15, in which the jury awarded damages in the amount of $6,230.00 will be set aside.

The Court is required to conditionally rule on defendant's motion for a new trial. 50(c), F.R.Civ.P. Since the Court is aware of no error in the proceedings, the motion for a new trial will be denied.

For the reasons stated herein, defendant's motion for judgment notwithstanding the verdict shall be and hereby is GRANTED, the answers of the jury to interrogatories numbers 2, 3, 5, 6, and 15 regarding the Special Verdict on Count I are SET ASIDE, claim numbers 4 and 21 of Reissue Patent No. 27,400 are hereby DECLARED INVALID, and defendant's motion for a new trial is DENIED.

Judgment will be entered for the defendant on both counts.

IT IS SO ORDERED.